# Van Sciver Company, Appellant, v. McPherson.

199    331
214    17
199    331
32 SC 265

*Replevin—Fraud—Rescission of contract of sale.*

In an action of replevin to recover goods alleged to have been sold by plaintiff to defendant in reliance upon fraudulent representations and upon a letter written by a third person to the plaintiff at the instance of the defendant, the writer of the letter when called as a witness for plaintiff may be asked what occurred between him and the defendant at the time the letter was written.

In the investigation of fraud great latitude is permitted in the admission of evidence.

Where a purchaser of goods represents to the seller at the time of the sale that she had means amply sufficient to pay for the goods, and subsequently in an action of replevin by the seller to recover the goods, she testifies that she had a stated sum of her own means, and had deposited it in a bank before the purchase of the goods, she may on cross-examination be asked from whom she received the money.

*Appeals—Paper-book—Statement of question involved—Rule 26.*

A statement of the question involved which contains twenty-nine lines and occupies nearly an entire page is in violation of Rule 26 of the Supreme Court. Violations of this rule will result in the suppression of paper-books and the nonprossing of appeals.

Argued April 1, 1901. Appeal, No. 8, Jan. T., 1901, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1899, No. 804, on verdict for defendant in case of J. B. Van Sciver Company v. Mina McPherson. Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Replevin to recover goods sold to defendant in reliance upon a false representation. Before Wiltbank, J.

The "Statement of the Question Involved" was as follows:

Rescission of sale on ground of fraudulent representations made by vendee to vendor. Overruling questions tending to establish the above. Inadequate instructions on the question of insolvency, and vendor's knowledge of it, coupled with artifice, as ground for rescission of sale. Reference of case back to the jury to assess value of the goods after having sealed their verdict.

1. The vendee referred to witness, George F. Payne, as to the truth of her representations, who at the request of the defendant wrote to the plaintiff that the vendee was "good for the amount." The witness was then asked in direct examination to state all that occurred between the vendee and himself at the time of writing this letter. The court, under exception, sustained defendant's objection to this question.

2. The defendant in her own behalf testified in direct examination that at the time of the purchase she had $1,000 of her own money in bank, and being under cross-examination she testified that this money was in the Real Estate Trust Company. She was then asked from whom she received this money. The court sustained defendant's objection to this question.

3. The plaintiff's testimony established the insolvency of the vendee and her knowledge of it, and that, coupled with her inducing Mr. Payne to write the letter that she was good for the amount of the purchase was such an artifice as justified the rescission of the sale. The charge of the court was inadequate in not presenting this view of the case to the jury.

4. The jury agreed upon a verdict for the defendant generally, sealed the same and separated. On presentation of the sealed verdict the court instructed the jury to retire and find the value of the goods, which instruction is assigned for error.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1, 2) rulings on the evidence referred to in the opinion of the Supreme Court.

*M. Hampton Todd*, with him *Julius C. Levi*, for appellant, cited: Baltimore & Ohio R. R. Co. v. Hoge, 34 Pa. 214; Kichline v. Lobach, 125 Pa. 295; Glessner v. Patterson, 164 Pa. 224.

*Lincoln L. Eyre*, and *A. S. L. Shields*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 13, 1901:

This was an action of replevin brought by the plaintiff to recover from the defendant certain furniture and upholstery goods. The property was delivered by the sheriff to the plaintiff.

These goods were sold by the plaintiff to the defendant, but she failed to pay for them. When the plaintiff's collector presented the bill for payment, the defendant told him she had nothing and that her estate had been squandered. This action was then brought to recover the goods, on the ground that they were obtained from the plaintiff by fraud. In support of the allegations of fraud, the plaintiff claimed and produced testimony to show that at the time the defendant purchased the goods, she represented that the estate of her deceased husband was large, and that she had ample means of her own to pay any liabilities she might incur. It is claimed by the plaintiff that both representations were false and were known to be so by the defendant at the time she contracted for the goods. To aid her in committing the fraud, it is alleged by the plaintiff that the defendant referred the company to one George E. Payne as to her solvency, and that, at her instance, Payne addressed the plaintiff a letter, which was in evidence, to the effect that she was responsible for the price of the goods sold her. The defendant denied that she procured the goods under these or any other false representations. This was the issue submitted for the determination of the jury.

The first assignment alleges error in sustaining the defendant's objection to a question addressed to George E. Payne. He was called as a witness by the plaintiff and testified that he had written the letter referred to above at the request of the defendant in his office and when she was present. The

plaintiff's counsel then asked Payne the following question: "Now just state all that occurred at that time between you and Mrs. McPherson and what led to the writing of the letter." Upon objection by defendant's counsel, the answer was excluded. No reason for the ruling of the court appears on the record. We do not see why it was objectionable. It was alleged that the letter was a part of the fraudulent means by which the defendant secured the goods. Everything that occured between the defendant and the witness at the time it was written was therefore clearly competent as tending to establish the former's fraudulent conduct. That was the effect of the question proposed to the witness, and the reply should have been received. Fraud was the basis of the action, and in its investigation great latitude is permitted in the admission of evidence. As said by our Brother FELL in Glessner v. Patterson, 164 Pa. 231: "As the plaintiff (here defendant) participated in them (acts and declarations of the parties), all she said at the time, or before or after, which explained or qualified them, or tended to show the falsity of her claim, was evidence for the defense." The witness should have been permitted to answer the question.

The second assignment of error must also be sustained. The defendant being on the witness stand and having testified in chief that she had $1,000 of her own means and had deposited it in the bank before the purchase of the furniture, the plaintiff's counsel asked her on cross-examination: "Before the purchase of the furniture, and from whom did you receive the $1,000?" The court sustained an objection to the question. One of the representations alleged to be false was that at the time the defendant purchased the furniture, she had means of her own to meet the liabilities she might incur. Her testimony to establish the truth of the representation and to rebut the allegation that it was false, was offered and tended to show that she had the $1,000. It was, therefore, permissible to ask her from whom she received the money and to cross-examine her fully in regard to the matter. It was concerning a matter about which she had been interrogated in chief and bore directly upon the issue between the parties.

The remaining assignments need not be considered. The matters therein alleged as error will not occur on another trial.

The statement of the question involved by the appellant is in direct violation of Rule 26 of this court. That rule provides that the statement should not exceed six or eight lines, and must not, under any circumstances, exceed half a page. Here the statement contains twenty-nine lines, occupying nearly an entire page. This defeats the object of the statement of the question involved and is worthless for the purpose for which it was intended, viz: to enable the court to obtain an immediate view of the nature of the controversy. When counsel disregard the rule, they assume the risk of having their client's cause defeated, not for want of merit, but by reason of a failure in this respect to perform their duty. The rule is mandatory, and had the matter not escaped attention on the argument, or had the proper motion been made by appellee's counsel, the paper-book would have been suppressed and the appeal nonprossed. These remarks are intended to admonish the profession that the rule will be strictly adhered to and enforced.

The first and second assignments of error are sustained, and judgment is reversed and a venire facias de novo is awarded.