# Duffee, Appellant, *v.* Bankers' Surety Company.

*Practice, Supreme Court—Appeals—Paper books—Statement of question involved—Statement of undue length—Supreme Court Rule No. 34.*

Where the question involved in an appeal could have been adequately stated in two lines but occupied twenty nine lines, covering three-fourths of a page, in violation of Supreme Court Rule 34, the appeal was quashed.

Argued Oct. 20, 1914. Appeal, No. 220, Oct. T., 1914, by plaintiff, from judgment of C. P. No. 4, Allegheny Co., First T., 1912, No. 166, on verdict for defendant in case of L. W. Duffee, for use of E. R. Cluley v. Bankers' Surety Company and Mary Engel. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Appeal quashed.

*William A. McConnel*, with him *George H. Quaill*, for appellant.

*W. Clyde Grubbs*, with him *Stone & Stone*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 2, 1915:

The narrow question involved in this appeal is whether an agent exceeded his authority under a written power of attorney. It could have been stated in two lines, but, instead of being so stated, twenty-nine lines, covering three-fourths of a page, are devoted to it, in the face of rule 34, which declares: "The statement of the question involved is designed to enable the court to obtain an immediate view of the nature of the controversy. It must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind whatever. It should not ordinarily exceed ten lines, and must not, under any circumstances, exceed half a page. This rule is to be regarded as in the highest degree mandatory and admitting of no exception." For gross violation of the foregoing—to which the attention of counsel for appellant was called on the oral argument—this appeal must be quashed. Shortly after the adoption of the rule and frequently since notice has been given that, for disregard of it, counsel assume the risk of having their client's cause defeated, not for want of merit, but by reason of a failure on their part to perform their duty: Van Sciver Company v. McPherson, 199 Pa. 331; Buckman v. Philadelphia & Reading Railway Company, 232 Pa. 351. If we should fail in the present case to enforce this useful rule relating to the preparation of paper books, we might as well abolish it.

Appeal quashed.