# Schnurman, Appellant, *v.* Hillegas.

*Equity—Deed—Confidential relation—Fraud—Evidence—Pleading—Ejectment—Joint possession—Parties.*

1. An action of ejectment will not lie between parties who are in joint possession of real estate.

2. Where a plaintiff is in possession of real estate, a bill in equity is an appropriate remedy for seeking to set aside a deed for the property, alleged to have been procured by fraud, misrepresentation, duress or coercion.

3. Where a deed is alleged to have been obtained from an elderly person by means of fraud, misrepresentation, duress or coercion, evidence is admissible which tends to prove that her mental condition was such she was unable to comprehend the document she signed, even though the bill does not explicitly aver the fact.

4. Where it is alleged a deed was procured by fraud, it is not necessary to prove defendant admitted this fact, it is sufficient if the proof tends to establish it.

5. Where it is agreed a deed does not specify the full consideration for a conveyance, the strong presumption that it expresses the whole agreement of the parties is overcome, and the same strictness of pleading and proof is not required as in cases where this fact is not admitted.

6. Where it is proved or defendant admits that during a series of years he had been attending to the affairs of plaintiff, and that the consideration mentioned in the deed consisted partly of moneys advanced by him to her during this period, a relationship is established which, if properly pleaded, may call on him to satisfactorily explain the circumstances under which he then obtained a conveyance of her real estate.

7. Where an alleged fraud is being investigated, great latitude is permitted in the admission of evidence.

Argued January 29, 1923. Appeal, No. 154, Jan. T., 1923, by plaintiff, from decree of C. P. Lehigh Co., Oct. T., 1921, No. 1, dismissing bill in equity, in case of Hannah Schnurman v. Jesse Z. Hillegas. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Bill in equity to compel reconveyance of real estate. Before GROMAN, P. J.

The facts appear by the opinion of the Supreme Court. Bill dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Henry B. Friedman,* with him *Dallas Dillinger, Jr.,* for appellant.—The remedy was in equity: Nanheim v. Smith, 253 Pa. 380; Kramer v. Slattery, 260 Pa. 234; Friedline v. Hoffman, 271 Pa. 530; Corrigan v. Conway, 269 Pa. 373.

A complaint under a bill for reconveyance of realty need not prove actual fraud if a nominal consideration and a confidential relation of respondent be shown: Corrigan v. Conway, 269 Pa. 373; Matthaei v. Pownall, 235 Pa. 460; Darlington's App., 86 Pa. 512; Stepp v. Frampton, 179 Pa. 284; McConville v. Ingham, 268 Pa. 507.

After laying the foundation for its introduction, the mental and physical condition and infirmities of complainant may be shown by nonexpert testimony: Hepler v. Hosack, 197 Pa. 631; Schuetti v. Swank, 265 Pa. 576.

*Oliver W. Frey,* with him *Thos. F. Diefenderfer,* for appellee.—When a case is brought to the Supreme Court on appeal it is to be considered on the theory on which it was tried in the court below, and that alone: Weiskircher v. Connelly, 256 Pa. 387; Isett v. Maclay, 265 Pa. 165.

The bill does not allege mental incapacity: Miller v. Piatt, 33 Pa. Superior Ct. 547.

The findings of fact were conclusive: Steinmeyer v. Siebert, 190 Pa. 471; Hancock v. Melloy, 187 Pa. 371; Strause v. Berger, 220 Pa. 367; Cummins v. Hurlbutt, 92 Pa. 165.

OPINION BY MR. JUSTICE SIMPSON, March 12, 1923:

Plaintiff filed a bill in equity, asking the court below to require defendant to reconvey her a property in Allentown, which she had deeded him, by reason of his "fraud, misrepresentation,......duress and coercion, as well as upon a false promise which......[he] knew was false and had no intention of complying with"; all of which occurred when she was "aged and infirm, being then over the age of seventy-five years, and confined to

her home by illness." The bill was evidently prepared in great haste, in order to prevent defendant from conveying the property (as it was averred he then intended to do), at a price more than double that which was alleged as the consideration for plaintiff's grant to him.

Upon the typewritten bill originally filed, and the affidavits accompanying it, a preliminary injunction was granted. Instead of moving to dissolve it, or awaiting the hearing of a motion to continue it, defendant demurred, alleging the injunction affidavits were insufficient, and that the bill did not aver "irreparable injury which is fatal to injunction proceedings." Ultimately a motion to continue the injunction was heard, testimony taken, and the injunction dissolved, principally because "the controversy between the parties......must be decided in another forum,......by a civil action and proceeding by ejectment." This reason was an erroneous one; the parties were in joint possession of the property, and ejectment would not lie.

Defendant, in his answer, denied the allegations reflecting upon him. Before the case came on for trial, the judge, who heard the motion to continue the injunction, had died, and the final hearing resulted, as stated, in the dismissal of the bill, apparently largely because the trial judge felt bound to follow the conclusion of his deceased colleague, though stating also that the evidence to establish the fraud did not measure up to the standard required by law.

At the trial, one of the questions asked of a witness was: "Had you spoken to Mr. Hillegas [the defendant] about his judgment?" The judgment referred to was one held by defendant against plaintiff, which he alleged formed a large part of the consideration for the conveyance to him. The ruling of the court upon the question was: "The objection is sustained unless some general admissions were made by the respondent that he secured the deed by fraud." Exactly the same ruling was later repeated when substantially the same question was again

asked. Of course it was not a valid reason; a man guilty of fraud could not be expected to make such an admission, nor did plaintiff's case depend on his having done so; hence, the evidence should have been admitted, since it had relation to the time of defendant's alleged fraudulent scheme to obtain the conveyance, and to an integral part of the consideration as stated by him.

Plaintiff made the following offer of proof: "We propose to prove by the witness on the stand as well as by [ten other witnesses named]......that they all [have been] acquainted with the plaintiff for a number of years, and [were] acquainted with [her]......on May 28, 1918 [the date of the deed sought to be set aside], and prior thereto, and that, prior to May 28, 1918, at various stated intervals, each of the said witnesses had the opportunity to and did observe the mental and physical condition and infirmities of the plaintiff, and that, in their and each of their minds, the plaintiff was not of such mental condition as to be legally acquainted with her act in the execution of the deed."

The court below sustained an objection to this offer, that it was an attempt "to prove the mental condition of the plaintiff, and there is no allegation in the bill alleging that this deed was signed by her when her mind was affected to such an extent that she was incapacitated to sign papers." It is true there was no such averment in the bill; but the evidence was important for the purpose of determining whether or not plaintiff, at the time defendant induced her to execute the deed, was in such a condition as to be readily imposed upon by him.

For these errors, without considering the other assignments, the decree must be reversed, with a procedendo; and to the end that the real issues may be properly pleaded and tried, we give leave to plaintiff to amend her bill, or to file a new bill in place of it, setting up specifically the relations existing between her and defendant, the character of fraud, misrepresentation, duress and coercion which she charges against him, and

any other fact which she shall be advised bears upon the controversy, and is necessary to be averred in order that evidence to sustain it may be produced, and a just and equitable decree reached. The defendant also has leave to file an answer to the amendments or new bill; after which the case can be tried de novo upon the pleadings as then existing.

If they properly raise the issues, suggested by the evidence in the present record, three things should be remembered at the trial, and in the decision of the case. (1) Both parties agree that the deed does not specify the full consideration for the conveyance. Plaintiff alleges (entirely aside from the other questions raised), that a part thereof was that she was to be allowed to occupy the property as long as she lived; defendant says this right was to continue only while he owned the property. This takes from the case the strong presumption that the deed expresses the whole agreement of the parties, and hence the same strictness of pleading and proof are not required, as they otherwise would be: Federal Sales Co. v. Farrell, 264 Pa. 149; Kerr v. McClure, 266 Pa. 103. (2) Defendant also admitted that from the year 1911 until the date of the execution of the deed in 1918, he had been practically "attending to the affairs" of plaintiff because "nobody else looked after her"; that the judgment of $2,500 given by her to him, referred to in the question above quoted, consisted of moneys advanced by him to her, or by him on her account, in connection with her property; and that he purchased it while he was acting for her, in attempting to induce others to buy it. These facts established a relationship between the parties which, if properly pleaded, might well have required defendant to satisfactorily explain the circumstances under which the deed was made (Darlington's App., 86 Pa. 512; Clark v. Clark, 174 Pa. 309), even aside from the truth of her statements that he obtained it by saying to her "if you don't give me the deed to the house......I will put you in the poor house," and "in half an hour

from now, if you don't sign the deed, your house will be sold," because of demands made by lien creditors. (3) "Fraud in its nature eludes the light and walks in ambushes and deceits"; hence, "in the investigation of fraud great latitude is permitted in the admission of evidence": Van Sciver Co. v. McPherson, 199 Pa. 331; Schock v. The Solar Gas Light Co., 222 Pa. 271.

The decree of the court below is reversed with a procedendo, the costs to abide the event.