## Polakoff v. Marchand College of Chiropractic et al.

*Mandamus—Corporations—Foreign—Right of stockholder to inspect books —Internal management.*

1. When a foreign corporation is doing business in Pennsylvania and its books and papers are kept within the Commonwealth, a stockholder of such corporation has the right to inspect the books and may enforce the right by a writ of mandamus.

2. Granting such a request does not constitute an interference with the internal management of the corporation.

Rule to quash alternative writ of mandamus. C. P. No. 4, Phila. Co., March T., 1926, No. 6693.

*Henry Arronson*, for plaintiff; *Bertram I. De Young*, for defendants.

McCullen, J., April 10, 1926.—The plaintiff, Polakoff, is a Pennsylvania stockholder in the Marchand College of Chiropractic, a foreign corporation, incorporated under the laws of New Jersey, duly registered and doing business in this Commonwealth, wherein its officers reside and wherein its books and papers are kept.

He filed a petition for a writ of mandamus directed to the individual officers of the corporation, the president, vice-president and secretary and treasurer, requiring them, for the purpose of inspection by the plaintiff, to produce the books of the corporation at the latter's Philadelphia office.

In his petition the plaintiff avers, *inter alia*, "that the chief place of business of said corporation is and always has been located in the County of Philadelphia, and is now located at the northwest corner of 42nd and Walnut Streets, Philadelphia; that all of the property of the corporation has been located within the County of Philadelphia, and all of its business is now and always has been conducted in the County of Philadelphia," and that "within the said County of Philadelphia and at said office, to wit, northwest corner of 42nd and Walnut Streets, Philadelphia, are all the books of account of the said corporation, especially the minutes of the stockholders and directors; the by-laws of said corporation, stock ledger, cash book and journal, and the stock transfer and stock certificate book, and all of its check-books, checks, papers and documents."

The plaintiff alleges irregularities in certain dealings and accountings, operating to the injury of the corporation and of plaintiff as a stockholder therein. He asserts that he requires information from the books and papers of said corporation for the purpose of bringing legal proceedings to secure relief, and he prays for a writ of mandamus as stated.

Upon this petition a writ of alternative mandamus was allowed to issue.

The defendants make no return to this writ, but ask that the writ be quashed because of alleged lack of jurisdiction in this court, on the ground that the Marchand College of Chiropractic is a foreign corporation, and that the issuance of the writ is an interference with its internal management.

The defendants also contend that the plaintiff's rights of inspection are restricted under a by-law of the defendant corporation providing that: "Stockholders may, in the discretion of the board, inspect the books of the company at such reasonable times as the board of directors or trustees may by resolution designate."

We are not called upon at this time to consider the effect of such by-law and as to how far, if at all, it is a limitation upon the stockholder's right to inspect the books, since this refers to matter not apparent upon the face of

the petition and matter which properly is to be set up by way of return or answer.

In this State such by-laws are viewed as against public policy: Com. ex rel. Wilde v. Pennsylvania Silk Co., 267 Pa. 331; Hauser v. York Water Co., 278 Pa. 387.

The question presented for our determination is: Does the plaintiff's petition present jurisdictional facts for the allowance of a writ of alternative mandamus? If so, this rule to quash should be discharged.

In numerous cases, including Madden v. Penn Electric Light Co., 181 Pa. 617; s. c., 199 Pa. 454; McCloskey v. Snowden, 212 Pa. 249; Kelly v. Thomas, 234 Pa. 419, it has been announced that our courts will not take jurisdiction in cases involving an attempt to regulate or affect the internal management of a foreign corporation. The enforcement, however, of a director's or a stockholder's right to inspect the books of a foreign corporation is not within the reason or spirit of such rule when the complainant is a Pennsylvania stockholder and the books and the officers possessed of them and to whom the process is directed are within the jurisdiction of the court. The true doctrine upon the subject is indicated in Kelly v. Thomas, 234 Pa. 419, 431, in this statement: "If the actual exercise of visitorial powers is not requisite to the relief, the rule as to non-interference should be restricted and not carried further than is absolutely required by universal fixed rules of law; for, where possible, we should prevent its use as a cloak to cover apparent fraudulent conduct on the part of officers of foreign corporations to the prejudice of Pennsylvania stockholders."

In a later case (Hogue v. American S. Foundries, 247 Pa. 17), the foregoing utterance was referred to and it was announced "this statement reflects accurately the attitude of this court upon this matter."

In 8 Fletcher's Cyclopedia of Corporation Law, 9663, § 5788, it is said: "The general statement that courts will not interfere with the management of the internal affairs of a foreign corporation has its limitations and must be construed in connection with the facts. The rule rests more on grounds of policy and expediency than on jurisdictional grounds, and more on the want of power to enforce a decree than on jurisdiction to make it, though it has been said that it is the inability of the court to do complete justice by its decree, and not its incompetency to decide the question involved, that determines the exercise of its power. Consequently, except in cases involving the exercise of visitorial powers, the question is not strictly one of jurisdiction, but rather one of the discretion of the court in the exercise of jurisdiction."

In the same work, vol. 4, page 4107, § 2825, we find it stated relative to the stockholder's right of inspection of books: "This right of inspection is not limited to persons holding stock in domestic corporations, but when a foreign corporation is doing business within the state and its books are located there, a stockholder of such corporation has the right to inspect such books. And foreign corporations, by coming into the state to do business, so far subject themselves to the jurisdiction of the domestic courts that those courts may compel them to grant this right, the *enforcement of the right not constituting interference with the internal affairs of the foreign corporation. The remedy is properly sought in the forum where the records are kept, since otherwise the rights would be unenforceable.*"

And at page 9675 (in vol. 8, § 5795) there is this further statement: "It has been seen in a preceding section that a stockholder of a foreign corporation doing business in the state and having its books located there will, as a

general rule, be accorded by the domestic courts the right of inspecting the books, as foreign corporations, by coming into the state to do business, so far subject themselves to the jurisdiction of the courts of such state that those courts may compel them to grant the right, and the principle that the courts have no visitorial powers over a foreign corporation and cannot regulate or interfere with its internal affairs and management does not prevent a court from enforcing individual rights of stockholders or members of a foreign corporation. Mandamus, and not a suit in equity, is the proper remedy to enforce the right of a stockholder in a foreign corporation to an examination of its books and records."

Although the complainant in Machen v. Electrical Manuf. Co., 237 Pa. 212, was a director in addition to being a stockholder, and his right to the inspection of the books was, therefore, somewhat higher than that of a mere stockholder, the reasoning of the court indicates that the right to an examination of the books by either director or stockholder is not within the rule forbidding interference in the internal affairs of a foreign corporation. The court made use of this language (at page 220) : "There is no demand here that the corporation be compelled to do anything, nor does the proceeding seek to adjudicate the rights of the stockholders in any matter concerning them. *The plaintiff does not ask the court to exercise any visitorial power over the corporation or control its management.*"

If there exists any sufficient reason why the right of inspection should not be accorded the stockholder in the present instance, it should be disclosed in the return or answer to be made by the defendants.

The rule to quash is discharged, with leave to the defendants to make return or answer.