Rubinsky, Appellant, *v.* Kosh et al.

Argued May 26, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*P. B. Roads* and *J. F. Mahoney,* with them *W. L. Kramer* and *R. A. Freiler,* for appellant.—A guardian was not a competent witness: Allison v. Kurtz, 2 Watts 185; Wilt v. Franklin, 1 Binney 502; Dickson v. McGraw, 151 Pa. 98.

The bond took the place of the purchase money.

*G. H. Gerber,* with him *A. D. Knittle,* for appellees.— Y. M. Skrotsky never acquired the legal title for the lots of ground described in plaintiff's abstract of title: McCaskey v. Graff, 23 Pa. 321; Jackson v. Summerville, 13 Pa. 359; Hartzell v. Whitmore, 271 Pa. 575; Beegle v. Wentz, 55 Pa. 369; Christy v. Sill, 95 Pa. 380.

The deed from Alexander Kosh, guardian, was obtained by fraud and it was null and void because the purchase money was never paid: Jackson v. Summerville, 13 Pa. 359; Simmond's Est., 19 Pa. 439; Walsh's Est., 12 Pa. Dist. R. 219.

OPINION BY MR. JUSTICE SIMPSON, June 21, 1930:

This is an appeal from a judgment in ejectment, entered on a jury's verdict in favor of defendants. Plaintiff's alleged ownership is derived through a sheriff's sale of the property in dispute, on an execution issued on a judgment against one Y. M. Skrotsky. Immediately preceding the bidding at that sale, a notice was read warning intending purchasers that Skrotsky's record title was obtained by fraud, the character of which was detailed in the notice; that the present defendants were still the real owners of the property; and that no title would pass by the sale. Nevertheless plaintiff purchased,

obtained a sheriff's deed, and began this action of eject-ment against defendants, who were in possession of the property. The facts are fully set forth in our previous opinion (Rubinsky v. Kosh, 296 Pa. 285), and need not be more fully stated here. We there decided that if the allegations of defendants' pleadings, which included the notice read at the sale, were duly proved and found, the deed to Skrotsky was fraudulent and did not pass a valid title. On the present trial, the sitting judge ad-hered closely to our opinion on that appeal, and, in a fair and impartial charge, submitted to the jury only a single question, viz., Did the evidence produced clearly prove the fraud alleged in the pleadings and notice? Upon ample evidence, they found a verdict for defend-ants, and we agree with the court in banc that "the en-tire transaction [resulting in the deed to Skrotsky] reeks with fraud, and it was Skrotsky who perpetrated the fraud, using Kosh, his parishioner, as an ignorant dupe." It follows, that, unless there were prejudicial errors regarding the question of fraud, the judgment must be sustained, for even if there were other mistakes made at the trial, they would be harmless, because not affecting the finding of fraud, and for harmless error we do not reverse: Hunter v. Pope, 289 Pa. 560; Schwartz v. Whelan, 295 Pa. 425.

In their argument, which was necessarily labored be-cause of the overwhelming proof of the fraud, appel-lant's counsel present ten points for our consideration. Only five of them need be referred to, and those but briefly; the others were either disposed of on the prior appeal, or were evidential matters connected with the fraudulent scheme of Skrotsky and hence admissible: Glessner v. Patterson, 164 Pa. 224; Van Sciver Co. v. McPherson, 199 Pa. 331, 334; Schnurman v. Hillegas, 276 Pa. 556.

The first and second of those to be considered, ask whether the guardian, who made a deed of the property to Skrotsky, was a competent witness in favor of his

wards, who are the real defendants, and whether the bond filed in the orphans' court, at the time that deed was executed (though inadequate in amount and of little or no value even for the sum stated in it), should not be treated as taking the place of the purchase money, which Skrotsky never paid. If the guardian was attempting to set aside the deed for his own benefit, something could be said in favor of these contentions, but they can have no validity where the minors are seeking to defeat a fraud of Skrotsky, aided by the compliant acts of the guardian, who was his dupe. The fraud was established by the verdict and judgment, and nothing will be permitted to stand in the way of affording relief to the innocent parties, who were intended to be injured by it, especially where, as here, they are minors, easily wronged by the spiritual adviser of the family, and helpless to protect themselves from his fraudulent acts.

The third of the questions asked is whether a confession of judgment in ejectment for this same property, by Skrotsky in favor of the minor defendants, was admissible in evidence to affect plaintiff; and, fourth, whether the minors had not been guilty of such laches as to bar their claim of fraud. Under the existing circumstances, these questions are mutually exclusive. The judgment in the ejectment, mentioned in the third inquiry, was entered nearly two months before plaintiff purchased at the sheriff's sale. It was followed by possession taken by the minors, and hence operated as a notice, at the time of his purchase, that they and not Skrotsky owned the property. It also showed that Skrotsky could not claim laches (of which, indeed, there was none) and hence plaintiff, who purchased only Skrotsky's imaginary title, could assert none.

The final question to be considered is the only one that appears to give any basis for thought; but, when the real status is shown, it will be found to be as tenuous as the rest. It asks whether or not the court below did not err in refusing to allow appellant to show that some

of the money, for which judgments, existing at the time of the sheriff's sale, were recovered against Skrotsky, was used by him in the construction of a building on the property? Appellant contends that this was within the rule already noted, that every fact which may have a bearing on the question of fraud should be admitted in evidence, if "in its nature [it] is calculated to persuade the jury that the allegation of fraud is or is not well founded": Glessner v. Patterson, supra. The point thus urged has nothing in the record to support it. The only question asked and overruled, which could, by any possibility, be referred to, is: "Q. What are the improvements on it [the property] now? The "now" specified is the time of trial, which was more than five years after Skrotsky thought he had consummated his fraud by obtaining title to and possession of the property, and there was no offer to show that the same status existed at the earlier date, or that Skrotsky had in fact used the judgment creditor's money in changing the status. Moreover, the question was objected to and the objection sustained, inter alia, because it was not proper cross-examination, the witness not having been interrogated regarding the matter during her examination in chief. Of course that ruling was not erroneous. Plaintiff did not offer to prove the alleged fact in any other way, or at any other time.

The judgment of the court below is affirmed.