Almar B. & L. Assn. *v.* Broad Street Trust Co., Appellant.

Argued September 27, 1933.

50

Before KELLER, CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Alfred G. Muench*, for appellant, cited: Stout v. Rassel, 2 Yeates 334; Bates v. Carter Co., 255 Pa. 200; Danish Pridge Mills Products Co. v. Marcus, 272 Pa. 340.

*Gilbert J. Kraus* of *Kraus & Weyl*, for appellee.

OPINION BY BALDRIGE, J., December 16, 1933:

This action was instituted to recover money alleged to have been paid upon a forged endorsement of a check.

The plaintiff, a depositor in the defendant bank, on October 6, 1926, drew a check on that institution in the sum of $1,500, payable to the order of Lester M. Swang. This check was paid by defendant on October 11, 1926, and the plaintiff's account charged therewith. It subsequently developed that Lester M. Swang's signature was a forgery. On September 13,

1927, the plaintiff notified the defendant of the fraud that had been perpetrated and produced testimony that this was the first knowledge it had of, the forgery, as Swang was in the Navy and in foreign ports until about that date. The defense set up was that the plaintiff had knowledge of the alleged forgery prior to September 13, 1927, and failed to give timely notice to the defendant. A verdict was found in favor of the plaintiff. This appeal followed.

It is not disputed that the appellant was entitled to prompt notice after the appellee discovered the forgery, but the appellee claims that such notice was given to the appellant, and that it failed, by proper pleading and proof, to support its contention of undue delay. The appellant, under "New Matter" in its affidavit of defense, averred that the check was issued purporting to be the proceeds of a stock loan from the plaintiff to Lester M. Swang; that Lewis Cohen, then a conveyancer of the plaintiff, procured the endorsements of Bernard G. Walker and Lucy Nellie Walker, subsequent endorsees on the check; that Cohen was arrested on or about January 1, 1927, pleaded guilty and was sentenced May 1, 1927 "for frauds of this and similar nature, involving to some extent the funds and affairs of plaintiff." The defendant, in paragraph 9, averred: "On or about April 1, 1927, notice was served upon the plaintiff that Lewis Cohen, 2d, had procured the endorsements of the said Walkers to the check in suit, and a request was made that an investigation be made of the transaction by the association; and the plaintiff, through its secretary, stated that the transaction was all right, though the defendant had in its possession the cancelled check at that time;" and in paragraph 12 "that the plaintiff did nothing, as far as giving notice was concerned, until September 13, 1927, and that for a considerable time prior to September 13, 1927, the plaintiff, through its secretary,

having been placed on notice of the possibility of a commission of a forgery, failed to investigate the matter or to notify the defendant.''

In support of these averments, the defendant produced as a witness, Lucy Walker, who testified as follows:

"Q. Did you ever notify the building and loan association through any of its officers of the fact that you had knowledge that this was a forgery of the signature of Lester M. Swang?

"A. I notified Mr. Russ—

"By Mr. Kraus:

"Q. Answer the question yes or no, then you may explain.

"A. Yes.

"By Mr. Horan:

"Q. When?

"A. The morning that Mr. Cohen ......

"By the court:

"Q. When was it?

"A. It was between November 13th and December 25th; I don't know just the exact date.

"By Mr. Horan:

"Q. What year?

"A. The year that the check was cashed.

"Q. 1926?

"A. 1926, yes, sir.

"(Objected to. Objection sustained.)

"(Exception for defendant.)

"The Court: Strike out the answer.

\* \* \* \* \* \* \*

"Q. Did you notify the association through any other officer other than Mr. Russ, of the fact of the forgery in this matter?

"(Objected to. Objection sustained.)"

The objections were sustained on the ground that the evidence offered was at variance with the plead-

ings—that it tended to show notice at different times than averred in the affidavit of defense. It was not the basis of the ruling in the court's opinion, but it held further that the witness was also incompetent under the Act of May 23, 1887, P. L. 158, §5 (clause e) (28 PS §322). It is true the pleadings were not drawn with the particularity that is commendable, but we think there was not such a material variance as not to inform the opposing party of the defense relied upon. It must be borne in mind that a greater latitude is always allowed in the admission of evidence where a fraud is alleged: Schnurman v. Hillegas, 276 Pa. 556, 562, 120 A. 549; Miller v. Central Trust & Sav. Co. et al., 285 Pa. 472, 482, 132 A. 579. It was held as early as Stout v. Rassel, 2 Yeates 334 (1798), that every variance in point of time between the allegations and the evidence is not fatal. Even in criminal cases the Commonwealth is not confined in the proof of the commission of a crime to the date laid in the indictment. The plaintiff had notice that the defendant intended to rely upon the defense that previous notice of the forgery had been given to the plaintiff "considerable time prior to September 13, 1927." We are of the opinion, especially in view of the charge of fraud, that this evidence should have been admitted.

The witness was not incompetent; she was not disqualified to testify under section 5 (e) of the Act of 1887 because of the death of Russ, the secretary of the plaintiff building and loan association. He was not a "party to the contract in action," within the meaning of that clause of the act. The corporation was the party to the contract, and the death of its officer, or agent, did not affect the competency of the other party to the contract. Interest does not render a person incompetent as a witness except as provided in section 5 of the Act of 1887. Section 4 of that act (28 PS sec. 314) specially so provides.

The learned trial judge below excluded also the testimony of Lewis Cohen. When exception was made to his testimony, it would have been better practice to have made a formal offer of proof of what was intended to be proven by this witness. We are of the opinion, however, that Cohen was competent to testify as to whether or not he was an official of the South Penn Building and Loan Association.

The court alludes to the offer thereafter by the defendant of paragraph 8 in "New Matter" of its affidavit of defense, to which we have already referred, and the plaintiff's denial thereto, that Cohen was arrested or convicted of forgery, constituting the basis of this present suit; but that did not correct the original error. If the plaintiff had been able to show by competent testimony Cohen's connection with it as an officer or conveyancer, or otherwise, and that there were reasonable grounds for it to conclude there had been a forgery of Swang's name, it was incumbent upon it to use due diligence to make an investigation and promptly notify the bank of the result thereof: Globman Est. v. Southwestern Natl. Bank, 103 Pa. Superior Ct. 589, 157 A. 626.

In view of these errors, the judgment is reversed with a venire facias de novo.