Gibson et al. *v.* Allegheny Garbage
Company, Appellant.

Argued March 27, 1935.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Frank R. Sack,* of *Willmann, Burns & Sack,* for appellant.

*Ben Paul Brasley,* of *Brasley, Rubin, Balter & Cole,* for appellees.

OPINION BY MR. JUSTICE LINN, April 22, 1935:

The minor plaintiff was run down and seriously injured by appellant's wagon, negligently driven by its servant on its business. There is evidence that the driver was drunk.

Appellant complains of various rulings made during the course of the trial on questions in the decision of which a trial judge must necessarily be vested with wide discretionary powers (see Greenfield v. Phila., 282 Pa. 344, 348-9, 127 A. 768; Thompson v. American Steel and Wire Co., 317 Pa. 7, 175 A. 541). Examination of the assignments discloses no abuse of discretion—nothing that can be regarded prejudicial to appellant (cf. Rubinsky v. Kosh, 301 Pa. 35, 37, 151 A. 676).

During the cross-examination of the injured plaintiff, she testified that some years before she had sustained injury in a street car accident and had testified concerning the injury in a suit to recover resulting damages. To some of the questions asked she gave responsive answers as to the facts inquired of, and to others she replied that she did not remember her former testimony. To contradict and to affect credibility, defendant called the court reporter who took the evidence and, after identification,

offered the notes of testimony. They were excluded and the ruling is now challenged. No harm resulted, because leave was granted to use, in argument to the jury, the notes of testimony of the former trial and they were so used. Appellant, therefore, had all the advantage that would have resulted from their formal admission in evidence. The complaint that the statement of claim filed in that case was excluded in this does not merit discussion.

In plaintiffs' case, the parent plaintiff, Samuel Gibson, testified and was cross-examined. After plaintiff rested, and after appellant had put in all its evidence in defense, appellant called Gibson for further cross-examination. He was asked whether, prior to this accident, his "daughter's health [was] good or bad." This was objected to as not "proper cross-examination." The court sustained the objection and appellant now complains of the ruling. The question might have been asked when Gibson was on the stand in plaintiff's case, and, as no reason appears why it was not then asked, we will not say there was abuse of discretion.

Appellant also complains that a juror was not withdrawn on appellant's motion during the argument to the jury. As we understand the matter, it would seem that, during the argument of plaintiff's counsel, he said something to the jury to the effect that "the defendant entrusted a team of horses and a wagon to the driver who admits that he drank almost a half pint of moonshine." We were informed at the oral argument that this statement was made in response to the argument of defendant's counsel, which had preceded the argument made on behalf of plaintiff. Obviously, of such a situation the trial judge was much better qualified to decide what was appropriate than we could be. In the opinion, filed pursuant to Rule 58, Judge GARDNER dealt with the subject as follows: "The testimony fully shows that the defendant's driver had drunk a half pint of moonshine liquor and the bottle was found in his possession. He was examined by a physician immediately after the accident

and pronounced intoxicated. In the court's charge this matter was taken care of, . . . wherein it was explained to the jury that the case was not based upon the intoxication of the driver but upon his negligence and that his intoxication was properly offered by the plaintiffs as an explanation of the reason he probably was negligent, and that if there was no negligence, the mere fact that the driver was intoxicated would not render the defendant company liable." This assignment affords no ground to reverse.

Judgments affirmed.