## Wheatfield Township *versus* Brush Valley Township.

Where one party volunteers to pay a debt for another, the latter is under no obligation to reimburse him.

Where a debt is due from several parties, and one of them pays it after it is barred by the Statute of Limitations, he cannot maintain an action for contribution against the other debtors.

ERROR to the Common Pleas of *Indiana county*.

The facts of this case show that the township of Brush Valley was created in June, 1835, out of a portion of Wheatfield township. Before the creation of Brush Valley township, the original township of Wheatfield was indebted to various persons for balances due to them as supervisors of said township; and among others to John Carney, the sum of $231.58, as shown by settlement of 15th April, 1824. Carney afterwards brought suit against Wheatfield township to Sept. Term, 1839; the jury brought in a special verdict, upon which judgment was entered in Carney's favour for $350, which was paid by Wheatfield township on the 30th June, 1847. This suit was brought to March Term, 1852, by Wheatfield township against Brush Valley township, to recover contribution for the amount paid to Carney's judgment, as above stated, by the former. Defendant pleaded *non assumpsit* and the Statute of Limitations.

The Court instructed the jury that the Statute of Limitations was a bar to the recovery of the plaintiffs—to which they excepted.

*Banks*, for plaintiff in error.—The statute was no bar. Wheat-

[Wheatfield Township v. Brush Valley Township.]

field township did not pay voluntarily. Suit was brought by Carney before the statute had began to run against him. He recovered and enforced payment, and before payment by Wheatfield. She could not enforce the claim against Brush Valley, for the money was not payable to the old township, but to her creditors. As soon as the money was paid a right of action accrued, and then, and not till then, did the statute begin to run: 4 *W. & Ser.* 552; 10 *Barr* 274, Wesley Church v. Moore.

*Foster, Stewart* and *Laird*, for defendant.—Wheatfield, prior to 1824, and when these liabilities were incurred, was liable to be sued; and if so liable, the Statute of Limitations, if interposed, would bar a recovery after six years. The erection of Brush Valley into a corporation, rendered her directly liable, if at all, to creditors of the whole for her proportionate part of the common burden; and to that extent Wheatfield was discharged. If the latter paid more than her part, to that extent she was a *volunteer*, and the law would not, by implication, make Brush Valley liable over to her; and if this claim was barred by the statute, and there was no joint responsibility, the payment of it by Wheatfield cannot revive or take it out of the statute.

The opinion of the Court was delivered by

LEWIS, C. J.—The action for contribution is founded upon the equity arising from the payment by the plaintiff of more than his share of a liability existing at the time against both. Where the plaintiff is not liable for the debt, he has no right to volunteer a payment for the purpose of making the defendant his debtor. And where the defendant is not bound for it, the payment confers no benefit upon him. He is, therefore, under no obligation to reimburse the plaintiff. If the claims of Carney, Bracken and Elliott, against Wheatfield township had been paid by the latter before they were barred by the Statute of Limitations, a right of action for contribution would have arisen, and the action might have been brought at any time within six years from the time of payment. But they were all barred by the statute before the payment. And Wheatfield township is, therefore, not entitled to recover. The judgment recovered against that township does not vary the case, because that action was brought more than six years after the cause of action accrued, and from what appears in the paper-book it might have been successfully defended. An erroneous decision in that case is no reason for perpetuating the error in this.

This view of the case renders it unnecessary to notice the questions of evidence raised on the trial.

Judgment affirmed.