## McQuaid et al. *v.* Sturgeon et al.

*Courts—Jurisdiction — Conflict — Concurrent actions — Equity court—Allegheny County Court.*

A suit in equity to restrain defendants from negotiating promissory notes, in which the issues were subsequently enlarged by agreement so as to determine all rights and issues between the parties, does not draw into the jurisdiction of the court of equity, a determination of issues raised in actions of assumpsit, upon which judgment had already been entered in the County Court of Allegheny County.

Argued April 26, 1921. Appeal, No. 54, April T., 1921, by J. H. Watt, from decree of C. P. Allegheny County, Jan. T., 1914, No. 2310, sitting in equity, dismissing exceptions to the findings of the receiver in the case of J. C. McQuaid and The Pittsburgh Swing and Furni-

ture Company, by J. C. McQuaid, General Manager, v. W. H. Sturgeon and J. H. Watt. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Bill in equity for injunction to restrain the negotiation of promissory notes. Cross bill for an accounting and receivership. Before DREW, J.

The facts are stated in the opinion of the Superior Court.

The receiver found that J. H. Watt was liable as a partner for contribution. On exceptions to the findings of the receiver, the court dismissed the exceptions. J. H. Watt, the exceptant, appealed.

*Errors assigned* were the findings of the receiver and the decree of the court.

*Oliver K. Eaton,* and with him *Thompson & Bradshaw,* for appellant.—Judgment having been rendered in the original causes of action the claims or debts are merged therein and no longer exists: McFarlane v. Kipp, 206 Pa. 317.

Contribution can only be had by one who has paid more than his proportion of a common obligation: Wheatfield Twp. v. Brush Twp., 25 Pa. 112.

A party who has availed himself in a court of law of a defense properly triable in that court is precluded from subsequently coming into equity for relief in reference to the same matter: 20 Corpus Juris 42.

*Daniel Harrison,* for appellee.—The jurisdiction of the court which first takes actual cognizance of a controversy becomes exclusive: Pomeroy on Equity (2d ed.), section 179; Sprigg v. Commonwealth Title Insurance & Trust Co., 206 Pa. 548; Nevin et al. v. Catanach et al., 264 Pa. 523; Lorenez, Admr., et al. v. Wightman et al., 44 Pa. 27.

OPINION BY LINN, J., October 17, 1921:

This is an appeal from a decree in equity requiring contribution by one partner to another.

We shall briefly indicate the proceedings giving rise to this appeal before referring to them in detail.

On December 26, 1913, Watt, the appellant, filed a bill in equity in the common pleas of Allegheny County against a number of defendants to restrain them from negotiating two promissory notes endorsed by him. On February 14, 1914, two of the defendants in that proceeding, Sturgeon and McQuaid, answered and, among other things, averred that they and Watt were partners trading as Pittsburgh Swing and Furniture Company, hereafter called the Swing Company. Other defendants answered subsequently. On February 20, 1914, McQuaid and the Swing Company, acting by McQuaid as its general manager, filed a cross bill against Watt and Sturgeon averring the existence of the partnership and that neither Watt nor Sturgeon had paid his entire capital contribution and desiring an order for such payment. A trial took place in which the issues were apparently enlarged by agreement, and resulted in a decree entered January 9, 1919, affirmed and reported in 263 Pa. 187. The capital contributions were then duly made by both Watt and Sturgeon. Pursuant to that decree, however, a receiver was appointed "to state an account and to liquidate the indebtedness of said partnership." He performed his duties and filed a report holding appellant liable to contribute to Sturgeon. McQuaid left the jurisdiction. Appellant excepted to so much of the receiver's report as required contribution to Sturgeon on account of Sturgeon's payment of four judgments rendered against Sturgeon and McQuaid in the County Court of Allegheny County, February 19, 1914 [after the filing of Watt's bill in the common pleas] in actions of assumpsit brought against the three of them as partners in January, 1914, in which the county court held Watt was not liable.

It appears by the receiver's report that all the firm's creditors have been paid and that this controversy is between Watt and Sturgeon. Watt contended that as the judgments in the county court were against Sturgeon and McQuaid and not against him, their payment by Sturgeon did not raise a right to contribution. The receiver and the court held that as the equity proceeding was pending at the time of the trials in the county court, and as it was ultimately determined in that proceeding that Watt, Sturgeon and McQuaid had been partners since January, 1913, the determination in the county court that Watt was not liable with Sturgeon and McQuaid was nugatory as between them and that, so being partners, contribution was required to make Sturgeon whole.

The position of the court below is thus stated: "The jurisdiction of the common pleas in equity attached to the affairs of this partnership before that of the county court. The records themselves prove this. And it is too well settled to require the citation of authorities, that where courts have concurrent jurisdiction the one which first obtains possession of the case has exclusive jurisdiction."

The question here is whether the principle to which the court alludes, applies to the disposition of this case. Being constrained to differ from the court below, we shall now state the material facts somewhat more fully.

Four actions of assumpsit by different plaintiffs were brought in January, 1914, in the County Court of Allegheny County against Watt, Sturgeon and McQuaid, trading as the Swing Company. Sturgeon and McQuaid filed affidavits of defense averring that they and Watt were partners and admitting liability; Watt denied liability and partnership. These actions were tried by a judge without a jury and on February 19, 1914, he entered judgment for the respective plaintiffs against Sturgeon and McQuaid and held Watt was not a partner and was not liable. McQuaid, having left the jurisdiction,

Sturgeon paid the judgments. The records of those cases were offered in evidence before the receiver when stating the account, and for the reason given, he held Watt liable to contribute as if the judgments had also been against Watt. In passing, we note the receiver founded liability on part IV, section 18, paragraph b, of the uniform partnership act; that act provided in section 4, part 1, that it should not "affect any action or proceeding begun or right accrued before this act takes effect" (1915, P. L. 18), and it did not become effective until July 1, 1915, P. L. 32. The record, however, raises the question of contribution by well settled principles.

Now what was the equity proceeding held below to exclude the jurisdiction of the county court to try the actions of assumpsit? Watt filed his bill against Sturgeon, McQuaid, Rosendale, the Rosendale Upholstery Company and the Pittsburgh Swing and Furniture Company, a Delaware corporation, to restrain them from negotiating promissory notes said by Watt to have been endorsed by him in consequence of alleged misrepresentation of facts, and desiring that the notes be cancelled. The bill contains no averments concerning any partnership. The only answers filed prior to the trials in the county court were filed by Sturgeon and McQuaid on February 16, 1914; among other averments, they denied the incorporation in Delaware and set up that the Swing Company, defendant, was "an unincorporated association consisting of three persons, viz": Watt, Sturgeon and McQuaid. That record, of course, raised no question of accounting, receivership or dissolution; the answer might stop relief to the plaintiff Watt, but it could not get affirmative relief for the two answering defendants. That was the status of the equity proceeding when the judgments were rendered in the county court. We apprehend that it was probably the succeeding steps in the equity proceeding upon which the court relied for the conclusion complained of. It appears that on February 20, 1914, one day after the judgments were ren-

dered, McQuaid and the Swing Company, as a partner-ship, acting by McQuaid as general manager filed a cross bill against Watt and Sturgeon, alleging that Watt owed the partnership nearly $1,500 of the contribution he had agreed to make to its capital account, and that Sturgeon likewise owed several hundred dollars on the same account, and prayed for an order on them to pay. When the case was heard, the chancellor in disposing of it, said: "There may be some question as to the right of McQuaid and the Swing Company to maintain the cross bill but counsel have joined in a request that all matters involved be adjudicated in this proceeding." He also said, "Complying with the request of counsel, I confine my attention to the controversy respecting the alleged partnership." He entered the decree from which an appeal was taken: 263 Pa. 187. That decree contained the following: "That said partnership was formed by W. H. Sturgeon, Jr., J. H. Watt and J. C. McQuaid in the early part of January, 1913......that said partner-ship has not been legally dissolved." "That an account-ing is necessary in this matter, and upon presentation of a petition to the court, a receiver will be appointed to liquidate the indebtedness of said partnership." Ac-cordingly, when the record was returned from the Su-preme Court, a receiver was appointed "to state an ac-count and to liquidate the indebtedness of said partner-ship." Watt's exceptions to the receiver's report were dismissed by the court and the present appeal was taken raising here only, as has been stated, whether Watt must contribute to Sturgeon on account of Sturgeon's pay-ment of the four judgments.

It must be obvious from the foregoing recital of the proceedings in equity that it cannot be said that when the cases in the county court were tried, there was pend-ing a proceeding in equity drawing to itself the determi-nation of the issues raised in the county court, and unless that was apparent on the record, the rule referred to by the court below cannot apply: 7 R. C. L. 1069; 15 C. J.

Sec. 583, p. 1134. The accounting, dissolution and disputes among themselves as partners were not in the equity suit until after the judgments were rendered at law and then only by stipulation. No authorities were cited by the court below for the position taken except Lorenz v. Wightman, 44 Pa. 27, and Sprigg v. Commonwealth Title Ins. and Trust Co., 206 Pa. 548. Neither applies; in the former, in the junior proceeding, the Supreme Court refused to take original jurisdiction of a bill grounded upon matter already under consideration in the common pleas and subject to review on appeal; in the latter, the court stated that the jurisdiction in the senior litigation "becomes exclusive in the absence of any peculiar equitable ground to the contrary......" Thus differing from the court below, we find in the record no support for the decree. "The action for contribution is founded upon the equity arising from the payment by the plaintiff of more than his share of a liability existing at the time against both. Where the plaintiff is not liable for the debt, he has no right to volunteer a payment for the purpose of making the defendant his debtor. And where the defendant is not bound for it, the payment confers no benefit upon him. He is therefore under no obligation to reimburse the plaintiff": Wheatfield Twp. v. Brush Valley Twp., 25 Pa. 112. Certainly Sturgeon did not pay "more than his share of the liability existing at the time against both" when he paid, because the judgments were not against appellant. The county court had jurisdiction of the actions of assumpsit. In each the issue was whether the three defendants Watt, Sturgeon and McQuaid were liable to the plaintiffs in the suits. The court held Watt was not and entered judgment against Sturgeon and McQuaid; a judgment may be rendered against some sued as partners and not against all: Walker v. Tupper et al., 152 Pa. 1; and see 23 Cyc. 1279. Where then is the equity to be enforced? No right to contribution appearing in the record, we must sustain the assignments of error.

The decree is reversed; the four exceptions dismissed below are reinstated and the record is remitted with instructions to the court below to sustain them. The costs of this appeal shall be paid by appellee.