## Lohr's Estate

126

Submitted April 14, 1938.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*John A. Berkey,* for appellant.

*C. L. Shaver* and *Daryle R. Heckman,* of *Shaver & Heckman,* for appellee.

OPINION BY RHODES, J., June 29, 1938:

Appellant, his three sisters, and a niece (the daughter of a deceased sister) were heirs of appellant's mother, Elizabeth Lohr, who died in 1910. At the time of these proceedings the five persons mentioned were the owners as tenants in common of certain real estate in Somerset County, Pa., inherited from Elizabeth Lohr. Partition proceedings were instituted in the orphans' court, and this land was sold. An auditor was appointed to make distribution of the fund realized. Prior to 1919, when he died, the taxes on the real estate in question were paid by the husband of Elizabeth Lohr. From 1922

to 1931, inclusive, the taxes were paid by appellant. At the audit he claimed four-fifths of the amount so paid, on the ground that he had paid the taxes to preserve the estate, in order that the proceeds thereof might provide funds at some time to erect a tombstone for his mother and father and reimburse him and a sister, one of the co-tenants, for funeral expenses of the parents advanced by them. The auditor allowed appellant four-fifths of the amount paid by him within six years of the audit, which allowance met with no objection from appellees, who say in their brief: "We agree with counsel for the appellant that the appellant was entitled to contribution from his co-tenants as to taxes voluntarily paid by him so long as they were not barred by the statute of limitations . . . . . ." The remainder of appellant's claim was disallowed as barred by the statute of limitations. His exceptions to the auditor's report were dismissed, and this appeal followed.

The assignments of error raise but one question, and that is whether the statute of limitations applies to appellant's claim. However, it may be well to consider a more fundamental question, namely, Was appellant entitled to invoke contribution under the facts of this case? The facts are undisputed. The taxes were voluntarily paid annually to the collector by appellant. In his own words, he gives the reasons for such payments: "I paid these taxes to keep the county from selling that real estate for taxes to provide for tombstones for my father and mother and the other brother and the little sister and to pay the funeral expense that me and Mrs. Baumgardner paid." In *Parker, to Use, v. Rodgers et al.*, 125 Pa. Superior Ct. 48, at page 51, 189 A. 693, at page 695, this court said: " 'The doctrine of contribution rests on the principle that, when the parties stand in aequali jure, the law requires equality, which is equity, and one of them shall not be obliged to bear a common burden in ease of the rest. . . . . . [It] comes

from the application of principles of equity to the condition in which the parties are found in consequence of some of them, as between themselves, having done more than their share in performing a common obligation': 13 C. J. 821."

"To entitle one to contribution, the payment must be compulsory in the sense that the party paying was under legal obligation to pay": 13 C. J. p. 823, §6b. See *Finlay v. Stewart,* 56 Pa. 183.

In this state it is provided by statute that a tenant in common may pay his proportionate share of the entire tax charged against the land held in common. His undivided interest is thereby relieved from possible sale and from any tax lien. The Act of May 24, 1917, P. L. 270, provides:

Section 1 (72 PS §5968) : "The undivided interest of any tenant in common or coparcener of any seated lands in this Commonwealth shall not be sold, or title thereto be divested by any treasurer's or sheriff's sale, for the failure of any of said tenants in common or coparceners to pay their pro rata share of the taxes assessed against said land, if such tenant in common or coparcener has paid to the proper collector of taxes his or her proportionate amount of taxes chargeable against such land; and the sale of such lands shall divest and pass title to such undivided shares or interest only in such land as is held by such persons who have failed or neglected to pay their proportionate part of such taxes."

Section 2 (72 PS §5969) : "And any such tenant in common or coparcener shall have the right to pay his or her proportionate part of such taxes, at any time, before the sale of the land under any lien entered in the prothonotary's office or before any treasurer's sale, to the prothonotary or county treasurer; and it shall be the duty of the prothonotary or county treasurer to receive the same for the district levying the tax; and the sale of the residue of the shares or interest in such lands,

on which the taxes remain unpaid, shall in no way affect the right, title, or interest of those who have paid their proportionate share of such taxes for which the land is sold."

By the Act of April 25, 1929, P. L. 776, No. 326, §1 (72 PS §5661), it is provided: "Any joint tenant, tenant in common, or coparcener of seated and unseated lands in this Commonwealth shall have the right to pay his, her, or their proportionate part of the amount of taxes due thereon, and it shall be the duty of the tax collector or the county treasurer, as the case may be, to receive and receipt for the same, and the interest of any such joint tenant, tenant in common, or coparcener shall not be affected by any proceeding or sale to enforce payment of taxes on the other interests in said land." See, also, Act of May 16, 1923, P. L. 207, §6, as amended, Act of May 4, 1927, P. L. 733, §2 (53 PS §2026).

There was no joint obligation upon the tenants in common to pay the taxes, and appellant was not required at any time, as one of the tenants in common, to pay the whole tax for each year in order to protect his undivided interest. Appellant was a volunteer, and contribution was not available to him under the facts in this case.

The purposes asserted by appellant do not suffice to remove him from his status of volunteer. " 'The action for contribution is founded upon the equity arising from the payment by the plaintiff of more than his share of a liability existing at the time against both. Where the plaintiff is not liable for the debt, he has no right to volunteer a payment for the purpose of making the defendant his debtor. And where the defendant is not bound for it, the payment confers no benefit upon him. He is therefore under no obligation to reimburse the plaintiff': *Wheatfield Twp. v. Brush Valley Twp.*, 25 Pa. 112": *McQuaid et al. v. Sturgeon et al.*, 77 Pa. Superior Ct. 441, at page 447.

130

Whether the statute of limitations applies becomes immaterial. Appellant could have availed himself of the above statutes which require him to pay no more than his share of the taxes on the common property. See 62 C. J. p. 484, §124; *Preston v. Wright et al.,* 81 Me. 306, 17 A. 128; *Wilson v. Sanger,* 57 App. Div. 323, 68 N. Y. S. 124.

Decree is affirmed.