## Thomas, Appellant, *v.* R. J. Reynolds Tobacco Company.

Argued April 17, 1944. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and HUGHES, JJ.

reargument refused September 25, 1944.

*Jerome I. Myers,* with him *David J. Reedy, Michael F. McDonald, Jr.,* and *M. F. McDonald, Sr.,* for appellant.

*Frank R. Ambler,* with him *James P. Harris,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 30, 1944:

This is an action in assumpsit by W. A. Thomas, appellant, against the R. J. Reynolds Tobacco Company, appellee, to recover damages for breach of an implied contract alleged to have resulted from the appropriation of an advertising idea submitted to appellee by appellant. The court below granted appellee's motion for judgment on the whole record. This appeal followed.

On October 22, 1934, appellant wrote a letter to the Reynolds Tobacco Company stating that due to the depression he began to smoke cigarettes retailed at ten cents per package and discontinued smoking Camels which retailed at twenty cents per package; that "After purchasing and smoking these 'Ten Cent' brands and other 'Blindfolded Tested' and 'Pink of the Crops' tobacco cigarettes" he became convinced that Camels were not only the best but most economical; that Camels burned approximately twice as long as other brands.[1]

---

[1] "Gentlemen:

The present depression has caused many 'Two Pack a Day' Smoker to endeavor and save all the pennies which will enable him or her to get the other necessities of life.

He accompanied this letter with another which stated: "The attached letter gives you an actual experiment made by me between Camels, and Lucky Strikes, Old Gold, Chesterfields, Wings, and Gems. You are at liberty to make a photostatic copy of my letter for advertising purposes, providing you will recompensate me for my idea and test submitted."

No answer to the above letters was ever made. Approximately four and one-half years later appellant noticed advertisements in a newspaper which it is alleged embraced some of the ideas and data contained in his letter of October 22, 1934. In fact, a campaign was used by appellee tobacco company stressing the economy of Camel cigarettes manufactured by it. The slogans "Penny for Penny, your best cigarette buy" and "Twenty-five per cent slower burning" were allegedly appropriated from the first and fifth paragraphs

---

"Naturally due to this fact, I reverted from smoking 'Camels' to smoking the ten cent brands, or in other words, brands which claims, that, on account of spending practically nothing in advertising their cigarettes, they are able to retail a package of twenty cigarettes for the nominal sum of ten cents.

"Purchasing 'Camels' at certain chain grocery or cigar stores, I am able to purchase two packages for twenty-five cents. However, as explained above on account of reverses and the depression, I figured, if I could save five cents on every two packages smoked a day, it was economy.

"After purchasing and smoking these 'Ten Cent' brands and other 'Blindfolded Tested' and 'Pink of the Crops' tobacco cigarettes, I am now fully convinced that 'Camels' are not only the best, but the most economical.

"Any smoker wishing to prove the above contention has only to smoke one each of the well known and also the ten cent brands for a period of three minutes. At the end of such time, compare the length of the consumed portion of a 'Camel' and you will discover it is approximately only one-half consumed, when the other brands are smoked out.

"Therefore, when you have the correct 'blend and flavor, together with the economy as embodied in a 'Camel' you have all that is desired of any cigarette.

Very truly yours,

W. A. Thomas"

of appellant's letter. Appellant wrote to the Company calling attention to the similarity in advertisement with the ideas set forth in his former letter and requested compensation. This request was refused. Appellant instituted this action to recover $250,000 alleging that he had offered to the appellee an original advertising idea, which offer was impliedly accepted by making use of the same. Appellee offered in evidence a letter dated February 27, 1933, by one Harry Wilson, to the company, containing substantially the same idea; evidence that in the years 1931, 1932, 1933, and 1934, scientific tests of the comparative burning time of Camels, Lucky Strikes, Old Golds, Chesterfields, Twenty Grand, and Philip Morris cigarettes had been made; and, comparative tests covering an entire year of the average burning time of Camels with the aforementioned brands during the years 1932 to 1940. The case was tried before a jury which was unable to agree.

Appellant contends that his letter contained an idea for advertising purposes sufficiently definite and concrete to constitute the subject matter of an offer, which offer was accepted by appellee's use thereof in an extended advertising campaign. Appellee contends that, not having made photostatic copies of appellant's letter for advertising purposes, there was never an acceptance of his offer and that, in any event, the idea therein contained was both abstract and not original.

The court below having granted appellee's motion for judgment on the whole record, the evidence must be considered most favorably to appellant and he must be given the benefit of every inference and conclusion logically and reasonably to be deduced therefrom: *Shapiro v. Philadelphia Electric Co.*, 342 Pa. 416, 417. Whether appellant intended to proceed upon an express or implied in fact contract or upon a contract implied in law does not conclusively appear from the record. Whether there has been a variance between the allagata and probata and whether appellant has not restricted

himself to one theory of law were matters to be brought to the attention of the court below. We shall consider the merits of the case.

If appellant's cause of action is based upon the existence of a contract in fact the offer, if any, exists by reason of the following language: "You are at liberty to make a photostatic copy of my letter for advertising purposes, providing you will recompensate me for my idea and test submitted." Admittedly, appellee has never used any photostatic copy for advertising purposes. The consideration necessary to establish a valid contract, express or implied in fact must be an act, a forbearance, or a return promise, *bargained for* and given in exchange for the promise: Restatement, Contracts, Section 75. Clearly, no contract in fact was consummated.

Does the evidence establish a contract implied in law? In *Hertzog v. Hertzog,* 29 Pa. 465, 467, this Court referred to contracts implied in law as "merely *constructive* contracts." They are defined as "fictions of law adapted to enforce legal duties by actions of contract, where no proper contract exists, express or implied." Such a contract will be presumed or implied whenever necessary to account for a relation found to exist between parties where no contract in fact exists: *Hertzog v. Hertzog,* supra, 468. The existence of such relation between appellant and appellee may be inferred if appellee has used for its benefit any *property* of appellant in such manner and under such circumstances that the law will impose a duty of compensation therefor.

Does appellant have any property rights in the idea contained in his letter of October twenty-second? "Certainly the thing offered the appellee must be such as that [appellant] has a property right therein which he can sell . . . and, in the absence of an express agreement to pay, there must be alleged such a use of the property right of the [appellant] by the [appellee] as would

raise an obligation to pay for the same: *Liggett & Meyer Tobacco Co., Inc., v. Meyer,* 194 N. E. 206, 210. Only where ideas have been reduced to a concrete form have they been protected by the courts: *Stone v. Liggett & Myers Tobacco Co.,* 23 N. Y. S. (2d) 210, 212; *Alberts v. Remington Rand, Inc.,* 23 N. Y. S. (2d) 892, 894. Not only must the idea to be protected be concrete in form but it must be novel and new: *Liggett & Meyer Tobacco Co., Inc., v. Meyer,* supra, 210. Allegations of novelty and concreteness are insufficient if in fact those attributes are absent: *Plus Promotions, Inc., v. RCA Mfg. Co., Inc.,* 49 F. Supp. 116, 117. That the idea contained in appellant's letter was neither novel nor new is established by the uncontradicted evidence submitted by appellee: the scientific tests of the comparative burning time of various cigarettes made during the years 1931, 1932, 1933 and 1934, and the letter of Harry Wilson, submitted to appellee on February 27, 1933. Nor did the letter contain any concrete proposition or suggestion for advertising purposes.

Appellant relies upon the case of *Liggett & Meyer Tobacco Co. v. Meyer,* supra. The suggestion there submitted was clearly expressed in the following terms: "I am submitting for your approval an original advertising scheme to be used in the way of billboard advertising. The idea consists of this: Two gentlemen, well groomed, in working clothes or in hunting togs, apparently engaged in a conversation, one extending to the other a package of cigarettes, saying, 'Have one of these', the other replying, 'No, thanks; I smoke Chesterfields'." Subsequently, the company's advertisement showed two men, and a caddy with golf clubs, one man having an open cigarette case, the other a package of Chesterfields, with the slogan, "I'll stick to Chesterfields." The court permitted a jury to determine whether appellee was the originator of the idea and refused to set aside a verdict in his favor. See *Ryan & Associates, Inc., v. Century Brewing Assn.,* 55 P. (2d) 1053, 1054;

*Cole v. Lord, Inc.,* 28 N. Y. S. (2d) 404, 409; *American Mint Corporation v. Ex-Lax, Inc.,* 31 N. Y. S. (2d) 708. Had appellant presented a novel and new idea as definite and concrete as that in the *Liggett & Meyer Tobacco Co. v. Meyer* case a different conclusion might be justified.

Each case of this nature must of necessity depend upon its own facts. A line of demarcation dividing the novel, new, and concrete from the abstract is incapable of exact determination. Whether an idea is novel and whether its form is concrete are matters of degree. Whether the issue is one of fact or of law cannot be known in advance of the particular case. Certainly, however, the line must have a sufficiency of breadth to encompass ideas capable of being either. Appellant's idea is not one of these; it is clearly abstract and is neither novel nor new.

Judgment affirmed.