Dierken et al. *v.* Shultz et al., Appellants.

Argued April 16, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Lee C. McCandless,* County Solicitor, with him *Carmen V. Marinaro* and *Marshall & McCandless,* for appellants.

*J. Campbell Brandon,* with him *W. D. Brandon* and *Brandon & Brandon,* for appellees.

OPINION BY DITHRICH, J., July 19, 1946:

The original controversy between the Millers and the plaintiffs in this action arose over the title to oil and gas rights under part of a tract of land owned by the Millers. The title to this interest has been adjudicated in two actions of ejectment which were appealed to this

court. *Miller v. Dierken,* 153 Pa. Superior Ct. 389, 33 A. 2d 804, and idem, 157 Pa. Superior Ct. 69, 41 A. 2d 438. The plaintiffs own the oil and gas under fifty-four acres, which were severed by a reservation in a deed in 1880. The Millers own the surface of the fifty-four acres and an additional adjacent fourteen acres which were acquired after 1880 by their predecessors in title.

Prior to 1943, there was no separate assessment of the oil and gas and no taxes were paid on them, although the wells had been producing oil for more than fifty years. The fact that there was no separate assessment is the background against which the present controversy arose. For the years 1935 to 1938, inclusive, the Millers did not pay the taxes on their land. On August 10, 1942, the county treasurer sold the land to Mary C. Shultz, Miller's mother-in-law. The treasurer's sale made no mention of the reservation of the oil and gas and purported to convey them along with the surface. In order to protect their interests, plaintiffs then filed a bill in equity, which is pending in the court below, on May 4, 1944, to prevent a cloud upon their title, praying for a correction of the county treasurer's records so that the sale would not include the oil and gas, and also praying for a division of the taxes between the surface and the oil and gas prior to 1943. It was apparent that the equity case could not be decided before the redemption period expired; so plaintiffs redeemed the land on August 7, 1944. They paid the sum of $626.81, and received a certificate of redemption which described the fifty-four acres in which they were interested. Judgment was entered on the certificate against the defendants named in this action, and execution issued on the judgment. The Millers filed a petition to open judgment or to have the judgment satisfied and a rule was granted. From the court's order discharging the rule, defendants appeal.

The principal question raised in this appeal is whether the appellees were within the class of persons

entitled to a treasurer's certificate and authorized to enter judgment on such certificate. The Act of May 29, 1931, P. L. 280, §9, as last amended by the Act of June 20, 1939, P. L. 498, §5, 72 P. S. §5971i, provides in part: "Any real estate sold under this act may be redeemed by the owner, his heirs or legal representatives, or by any lien creditor, or his heirs, assigns or legal representatives, or by anyone interested in said real estate for the benefit of the owner thereof . . ." Section 9 further provides: "When any real estate is so redeemed by a lien creditor, or his heirs, assigns or legal representatives, or by any person interested for the benefit of the owner, the county treasurer shall issue to the person redeeming such real estate a certificate, . . . which certificate may be entered in the office of the prothonotary of the county as a judgment against the owner . . ." Under this section of the act, an owner may redeem, but an owner is not entitled to a certificate. Appellants do not question appellees' right to redeem. It is their position that appellees redeemed as owners and therefore were not entitled to a certificate and judgment against them.

Unquestionably the appellees owned an interest in the land. Ownership of the oil and gas in solido constituted an interest in the land. Cf. *Hamilton v. Foster*, 272 Pa. 95, 116 A. 50; *City of Erie v. Public Service Commission*, 278 Pa. 512, 123 A. 471; *Babcock Lumber Co. v. Faust*, 156 Pa. Superior Ct. 19, 39 A. 2d 298. But appellees could hardly be classified as "owners" of the land within the meaning of the statute. The act, by the use of the broad term "owner," makes no distinction between ownership of the land and ownership of an interest in the land. There is no provision relating to the various estates in land and no definition of what property rights constitute ownership. It is conceivable that in some cases interests in land may be more valuable than the land itself. When they redeemed the land, the appellees acted for the joint benefit of the Millers and themselves.

Although they were interested in the land to a limited extent, their action inured much more to the benefit of the Millers because of the Millers' greater interest. We think that appellees could properly be considered as "interested in the said real estate for the benefit of the owner," and therefore they come within one of those classes of persons entitled to a certificate and judgment. A brief review of the facts strengthens this conclusion. The value of the appellees' ownership was small compared with the Millers' interest. There was no separate assessment of appellees' interest, and the tax sale purported to convey their interest. When appellees redeemed the land, they paid the taxes for the years 1935 to 1943, inclusive, far more than their proportionate share. Their willingness to pay their share of the taxes was evidenced by their bill in equity asking for a division of back taxes. Appellees did not act officiously because they had a genuine interest in the land. "The privilege of redemption under various acts of assembly regulating tax sales has always been liberally construed: Philadelphia v. Schaefer et al., 269 Pa. 550, 552, and cases cited page 553, 112 A. 864:" *Sanner et al. v. Unique Lodge No. 3, K. of P.*, 152 Pa. Superior Ct. 639, 644, 33 A. 2d 518 (affirmed in 349 Pa. 523, 37 A. 2d 576.) Appellees were privileged to redeem. They paid the taxes assessed against the real estate, in solido, which included the so-called surface rights of the Millers and the oil and gas owned by the appellees, and were entitled to be reimbursed and to a judgment as security.

Appellants contend that the certificate is defective in its description of the land redeemed. The land described in the tax sale was the entire sixty-eight acres owned by the Millers. The description in the certificate describes only the fifty-four acres in which the appellees were interested. While the act provides that the certificate shall contain "a brief description of the real estate redeemed," appellants are in no position to complain because appellees did not demand or receive a certificate

on which they could have entered judgment against the entire 68 acres instead of against the 54 acres only in which they were interested. The redemption of the additional 14 acres was solely for the benefit of the owners and they cannot be heard to complain because the redemptioners have elected to waive their right to a certificate and judgment against the additional acreage and to proceed only against the acreage in which they were owners of a valuable interest.

The order is affirmed.