## COLLINS v. EMERICK et al.
### Civ. No. 8256.

United States District Court
W. D. Pennsylvania.

Dec. 4, 1950.

E. E. Collins in pro. per., and Louis T. Katusin, Pittsburgh, Pa., for plaintiff.

Coffroth & Boose, Uhl & Uhl, and Frank A. Orban, Jr., all of Somerset, Pa., for defendants.

BURNS, District Judge.

The instant motion to dismiss poses the question whether, under the law of Pennsylvania, a tenant in common gains a lien on the undivided interests of other tenants in common by paying the full amount of delinquent taxes. This question was squarely answered in Re Lohr's Estate, 1938, 132 Pa.Super. 125, 200 A. 135, where the court decided that no such lien arises. It was pointed out in the Lohr's Estate opinion that the Pennsylvania statutes give a tenant in common ample opportunity to protect his own interest by paying merely his share of the tax due; in paying the shares of the taxes owed by the others, he "was a volunteer, and contribution was not available to him under the facts in this case." 125 Pa.Super. at page 129, 200 A. at page 136. Lohr's Estate is still the law of Pennsylvania. See Patterson v. Warwick, 1949, 165 Pa.Super. 424, 430, 68 A. 2d 396, 399.

Plaintiff seeks to invoke the rule of Haverford Loan & Building Ass'n v. Fire Ass'n, 1897, 180 Pa. 522, 37 A. 179. That case, however, is distinguishable, in that the co-tenant in the Haverford Loan & Building Ass'n case believed himself to be sole owner at the time of payment, and consquently was not "an officious intermeddler." See First National Bank of Ashley v. Reily, 1949, 165 Pa.Super. 168, 170, 67 A.2d 679, 680. No such allegation has been made by plaintiff in the case at bar.

It might be added parenthetically that the complaint and the "Resistance and Brief and Argument resisting Defendants [sic] Motion to Dismiss" papers filed by plaintiff, besides failing to conform to the rules of this court both in form and in substance, are discursive and repetitive. A comprehensive redrafting of the complaint would have been necessary, even if the legal position of plaintiff had been sound.

And now, December 4, 1950, the motions of defendants to dismiss the complaint are hereby granted.