## Evans v. American Stores Company

*Townsend, Elliott & Munson,* for plaintiff.
*Dunstan McNichol,* for defendant.

ALESSANDRONI, P. J., March 2, 1955.—Plaintiff's complaint in trespass alleges conversion of an advertising idea by defendant. The complaint avers that plaintiff submitted a novel sports promotion plan to defendant which defendant converted to its own use. The plan consisted of giving tickets to a sporting event

upon the purchase of a definite quantity of merchandise. The complaint avers that defendant did give away tickets to a football game between Villanova College and the University of Georgia, played in September 1953 in accordance with his plan. Preliminary objections were filed by defendant; the objections are in the nature of a demurrer, and the pendency of a prior action as a bar to the one under consideration.

For the purpose of the objections we accept as true all facts well-pleaded. The facts as gleaned from the averments are that plaintiff submitted a novel sports promotional and advertising plan to defendant, and that defendant appropriated and converted same to its own use, thereby damaging plaintiff.

Considering the objections in order we find that plaintiff has stated a cause of action. It is argued that a cause of action does not lie for conversion of an idea, because historically the action of trover was limited to the conversion of tangible personalty. Conceding this to be so, we seriously doubt the applicability of the time honored tradition at a time when advertising schemes and plans have tremendous value in the market place. The mere fact that they differ from tangible articles does not detract from their very real value, and therefore we see no reason for failing to apply the remedy of trover to conversion of intangible property. Property is property whether tangible or otherwise. The heart of the distinction is essentially one of proof. Obviously, conversion of tangible property is more susceptible to proof, but the degree of proofs required should not warrant a contrary result.

In Thomas v. R. J. Reynolds Tobacco Co., 350 Pa. 262, the court indicates that ideas will be protected where they have been reduced to concrete form. In the instant case, prima facie and for the sake of this argument, plaintiff's idea has been reduced to concrete form and it is therefore entitled to protection. Thomas v.

R. J. Reynolds Tobacco Co., supra, pleaded a contract or an implied contract, as have most of the cases in this field; but that alone cannot bar an action in trespass. If an idea is capable of being appropriated and converted in a manner similar to that possible with tangible property, then conversion should and will lie.

Analytically, the basic question resolves into a determination of whether or not the creator of an idea has a property right in that idea. If an idea is property, then it is capable of conversion. We cannot deny the remedy solely because it is conceded, as indeed it must be, that the individual asserting the affirmative has a heavy burden to carry to establish both the property right and the tortious act. The difference is one of degree and not kind; we therefore hold that the complaint states a cause of action.

Mackay et al. v. Benjamin Franklin R. & H. Co., 288 Pa. 207, does not support defendant's position that conversion will not lie for appropriation of an idea. The court in that case specifically held that the similarity between the plans used by defendant and the plans of plaintiff's intestate which defendant was said to have appropriated did not establish a prima facie case. The language of the court dealing with the possible conversion of an idea is only dictum and since it is not the holding of the case, we give it no further consideration.

We turn now to consider the effect of the prior action. Plaintiff has another action pending in assumpsit for the identical transaction, on an implied contract. Defendant argues that the matter is therefore lis pendens and the present action must perforce abate. This argument assumes that the remedies are mutually exclusive and therefore institution of an action of one type constitutes an election of remedies which bars any other action. Defendant therefore concludes that where one has an action in tort or assumpsit, and he

can and does waive the tort and sue in assumpsit, he cannot thereafter sue on the tort.

There is no doubt that where one waives the tort and sues in assumpsit averments of negligence will not support the action in assumpsit: Loch et ux v. Confair et ux, 361 Pa. 158. In that case plaintiff sued in assumpsit for damages suffered when a bottle of ginger ale exploded. The evidence was insufficient to support an implied contract and the averments of negligence could not be permitted to support recovery in assumpsit.

Under present rules assumpsit and trespass cannot be joined in the same complaint, but the rules do allow the pleading of alternative causes of action and defenses. Hence in the same complaint or answer one can plead on a contract and in the next paragraph deny the existence of the contract. It is unreasonable to require that plaintiff in a proper case where both assumpsit and trespass will lie must select one and forego the other. It is clear that: (1) The same facts cannot be pleaded to support a recovery in either form of action; (2) the measure of damages is not the same. Defendant's plea that it is being harassed by a multiplicity of suits is without merit.

Lis pendens of the assumpsit action does not apply to bar the trespass action because the unity of remedy is not present. See Dickerson v. Dickersons Overseas Company, 369 Pa. 244. The remedy in assumpsit is not identical with that in trespass. We see no reason to deny plaintiff the right to pursue both remedies at this time.

### Order

And now, to wit, March 2, 1955, defendant's preliminary objections are dismissed and defendant is granted leave to file an answer to the merits within 20 days.