## Branda v. Talinaek

*John E. Backenstoe,* for plaintiff.

*Frederick J. Lansche* and *Donald B. Corriere,* for defendants.

SCHEIRER, J., September 29, 1970.—Defendants have filed preliminary objections to plaintiff's complaint in equity. Identical objections have been filed by defendants Schafer and Neeb on the one hand and by defendants Talinaek on the other.

The complaint avers that on October 23, 1962, plaintiff entered into an agreement with the City of Allentown wherein it was noted that plaintiff requested the city to supply water for premises owned by plaintiff and located in South Whitehall Township. The city agreed to do so upon conditions stated in the agreement, one of which was that the necessary work of laying pipes, etc., would be at the sole expense of plaintiff. After installation and final inspection, the

water lines, etc., were to become the property of the city. Paragraph 8 of the agreement provides:

"If the Owner constructs water mains adjoining other land owners, then in that event even though the City acquires ownership of said mains by this agreement, any right of contribution against said land owners shall be and remains in the said Marie Branda."

It is averred that defendants, in the order listed in the caption on April 23, 1969, January 15, 1969, and on December 30, 1968, respectively, connected their homes to the water mains and have utilized them since. Contribution is sought for defendants' proportionate share of the cost of construction of the mains. The cost is shown by exhibits attached to the complaint. Plaintiff, in the alternative, prays that defendants be enjoined from using the water mains in question.

One of the preliminary objections is in the nature of a demurrer with the following reasons given:

"1. The facts alleged in the Complaint do not set forth a cause of action In Equity.

"2. Exhibit 'A' of Plaintiff's Complaint is a Contract to which none of the Defendants are parties.

"3. The water mains in question are alleged to be the sole property of the City of Allentown, who is not a party to the suit.

"4. The primary relief prayed for by the Plaintiff is for money damages which is not a proper remedy in Equity."

Other objections are lack of jurisdiction, laches and an adequate remedy at law.

The pleaded facts and exhibits show that plaintiff voluntarily laid water pipes at her expense in order to develop her real estate. After the work was completed, the city assumed ownership of the line. Defen-

dants hooked onto the line after plaintiff relinquished title. The city gave its consent.

The contract between plaintiff and the city cannot be the basis of a suit against these defendants, for they clearly were not parties. Defendants have cited Ackerman v. Township of North Huntingdon, 437 Pa. 49, 261 A.2d 570. In this case, plaintiff, a developer, sued the township, Marwood Corporation, and Crestview Land Company, in equity, seeking to restrain them from permitting any sewage from the Crestview development to flow into a line built by plaintiff. An injunction was refused but damages were allowed against Crestview because it used plaintiff's line with consent of the township, which had not yet taken title to the line. Crestview never dealt directly with plaintiff. Plaintiff had a contract with the city as to when title to the line should pass. The key issue in the case was where did title lay. Damages against Crestview were sustained because it used plaintiff's line without his permission. If the township had been the owner, there would not have been a recovery against Crestview.

When the water line became the property of the city, no rights as to the line remained in plaintiff.

The complaint in paragraph 13 avers that "contribution" is sought from defendants and counsel discusses contribution in his brief. If the theory of contribution was intended to apply, we suggest that in addition to the above reasons for sustaining the demurrer, another reason would be the inapplicability of the theory to these facts.

Definitions of contribution make this apparent.

"One who is compelled to pay, or is satisfied to hold or to bear, more than his just share of a common burden upon which several persons are equally liable,

is entitled to recover from the others who were equally bound to discharge the obligation, their just proportion of the money which was paid on account of the common debt. The doctrine is founded not upon contract but upon the equitable principle that where a number of persons are equally bound to discharge a common burden, it is only just and fair that each of them bears his just proportion of the obligation.

. . .

"As noted above, one of the requisites essential to give rise to a right of contribution is that the obligation which was paid by the plaintiff and for which he seeks contribution was a common obligation or burden on both the plaintiff and those who are asked to reimburse him for their respective shares of the moneys paid.

"In other words, a right to contribution requires that the obligation paid by the plaintiff be either a joint one or a joint and severable one, for which both the plaintiff and the defendant against whom contribution is sought were equally responsible to make payment": Sum. Pa. Jur., Equity, §216 and 217.

"The principle or doctrine of contribution is one of equality in bearing a common burden. Contribution has been defined as a payment made by each person, or by any of several persons, having a common interest or liability, of his share in the loss suffered or in the money necessarily paid by one of the parties in behalf of the others. The right of contribution has also been variously described as the right of one who has discharged a common liability or burden, to recover of another, also liable, the aliquot portion which he ought to pay or bear; as the right enjoyed by a person who is jointly liable with others and has paid more than his proper share in discharge of the joint liability to force them to reimburse him to the extent

of their liability; and as an equity which arises when one of several parties liable on a common debt discharges the obligation for the benefit of all.

"In accordance with these definitions, the general rule is that one who is compelled to pay or satisfy the whole or to bear more than his just share of a common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares. In other words, when any burden ought, from the relationship of the parties or in respect of property held by them, to be equally borne and each party is in aequali jure, contribution is due if one has been compelled to pay more than his share. The doctrine is founded not upon contract, but upon principles of equity, and assists in the fair and just division of losses, preventing unfairness and injustice. And since the doctrine of contribution has its basis in the broad principles of equity, it should be liberally applied": 18 Am. Jur. 2d, Contribution, § 1.

It is clear that in order to be entitled to contribution, there must be a common burden or obligation. Thus, where two persons are jointly and severally bound as sureties for the debt of another, there is an implied promise by each surety to the other to pay one-half of their principal's debt in case of his inability to pay it, and their relation to each other for one-half of the debt is that of principal and surety: Baily's Estate, 156 Pa. 634. As to a claim for contribution between coendorsers, see Friedman v. Maltinsky, 260 Pa. 312; or between stockholders, see Casey v. Pennsylvania Central Brewing Co., 43 D. & C. 578.

To the point is the requirement that to be entitled to contribution, the payment must be compulsory in the sense that the party paying was under a legal

obligation to pay. In Lohr's Estate, 132 Pa. Superior Ct. 125, it was held that there was no right to contribution because there was no joint obligation upon tenants in common to pay taxes. The claimant was under no legal duty as one tenant in common to pay the whole tax for each year in order to protect his undivided interest. He was only a volunteer when he paid all of the tax. Also see 18 C.J.S., Contribution, §4, at page 8 and passim, 18 Am. Jur. 2d, Contribution, §11; Wheatfield Township v. Brush Valley Township, 25 Pa. 112.

Plaintiff, in order to engage in the development of real estate, laid water mains to which defendants attached with the city's consent. When the initial expenditure was made, there was no common obligation or burden. Plaintiff was not legally obligated to do what she did. She was a volunteer.

If plaintiff used the term "contribution" loosely and meant restitution based on a quasi contract, which action would be in assumpsit, we are of the opinion that she could not succeed.

"A contract implied in law is a fictional contract, or a quasi contract, whereby a duty is imposed upon a person, not because of any express or implied promise on his part to perform it, but rather is imposed upon him by law and in spite of any intention he may have to the contrary. It is entirely different from a contract implied in fact, which is an actual contract, and which arises where the parties agreed upon the obligation to be incurred but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding circumstances. Cameron v. Eynon, 332 Pa. 529, 3 A.2d 423; Colish v. Goldstein, 196 Pa. Superior Ct. 188, 173 A.2d 749. Contracts implied in law, or quasi contracts, will be presumed where no proper contract exists, express or

implied, *and where it is necessary to account for a relation found to exist between the parties.* Thomas v. R. J. Reynolds Tobacco Company, 350 Pa. 262, 38 A.2d 61.

"It is well established that a person who has been unjustly enriched at the expense of another must make restitution to the other. Binns v. First National Bank of California, Pennsylvania, 367 Pa. 359, 80 A.2d 768": DeGasperi v. Valicenti, 198 Pa. Super. 455, 457 181 A.2d 862. (Italics supplied.)

Also see Rodgers v. Ulrich, 60 Lanc. Rev. 295, 297.

There was no relation between plaintiff and defendants. Plaintiff made her expenditure in a general fashion not as to these defendants. Not every benefit bestowed is reimbursable in the law. See comments following section 1, Restatement of the Law, Restitution.

It is significant that we have found no cases that parallel these facts under either the heading of contribution or restitution and none have been cited by counsel. The demurrer must be sustained. We need not consider the other preliminary objections.

### ORDER

Now, September 29, 1970, defendants' preliminary objection in the nature of a demurrer is sustained and the complaint dismissed.