## Beroes v. Haberman

*Joseph B. Policicchio,* for plaintiff.
*Sandra W. Upor,* for defendant.

COFFROTH, *P.J.*, March 24, 1983—This assumpsit action is before us on defendant's preliminary objections alleging failure of the amended complaint to set forth the terms of the contract sued on and failure to set forth any consideration for the promise sued on, and moving to strike the amended complaint on that account or in the alternative to require a more specific complaint. Hence the focus of our present inquiry is confined to those issues.

In this connection, we note that the amended complaint contains two assumpsit counts, Count 1 for breach of contract and Count 2 in quasi-contract. The preliminary objections do not mention the two counts, and are aimed only at the insufficiency of the averments of the contract; so we are here concerned only with Count 1.

We also note that this is the second time we have considered this case. We first sustained preliminary objections to the original complaint on similar grounds in Beroes v. Haberman, 40 Somerset L. J. 265 (1982) hereinafter referred to as No. 1.

According to the first count of the amended complaint, the following are the relevant

## FACTS

In early 1978, the parties became engaged to be married; at the time, plaintiff resided and worked in Pittsburgh and defendant resided and worked in Somerset County. In October, 1978, defendant bought a home in Somerset County, with expectations that it would be the marital home.

Both before and after purchase of the home, defendant "requested that plaintiff relocate from Pittsburgh, and reside with defendant in the aforementioned home, and promised that plaintiff could reside in said home with defendant at no cost to her, but if plaintiff financially contributed to the monthly

mortgage payments, to the utility bills and other expenses in and about the home and to the purchase of household items and furniture that he would return to plaintiff all of said monetary contributions in the event that the marriage engagement between plaintiff and defendant was broken, irrespective of whether the engagement was broken by plaintiff or defendant".

"In reliance upon the promises and assurance of defendant as aforesaid", plaintiff moved from Pittsburgh into the home and began residing with defendant. After plaintiff became employed in Somerset County in September, 1979, defendant "repeatedly requested" that plaintiff financially contribute to the home payments and expenses and "promised that in exchange he would return to plaintiff all her monetary contributions in the event that the marriage engagement between plaintiff and defendant was broken". In reliance thereon, plaintiff contributed in the aggregate the sum of $1,950, the parties ended their engagement in late 1980, when plaintiff removed from the home, hence this suit for said sum.

## DISCUSSION

We sustained the preliminary objections to the contractual claim of the original complaint on the ground that there was no allegation of any express promise of reimbursement nor any facts from which a promise for reimbursement could be implied in fact, the averments then justifying merely an at-will live-in arrangement which had been terminated. Obviously the amended complaint corrects that defect by alleging a promise for reimbursement. The amended complaint also clearly states the essentials of a contract which, if proven to the satisfaction of the fact finder at trial, will warrant a verdict for plaintiff.

We have no difficulty finding that, although plaintiff made no promise to defendant to make financial contributions, no promise was demanded by him; his offer was a contintuing one and could be accepted by performance or promise. See Restatement (Second) of Contracts §§53 and 54. As stated in Restatement (Second) of Contracts §32:

"§32. Invitation of Promise or Performance"

"In case of doubt an offer is interpreted as inviting the offeree to accept either by promising to perform what the offer requests or by rendering the performance, as the offeree chooses."

An offer which does not invite a promissory acceptance, but invites acceptance by performance, has often been referred to as an offer for a unilateral contract. Restatement (Second) of Contracts §45, Comment a. Moreover, defendant's offer as pleaded was open-ended by inviting not merely a one-time performance but a continuing performance until revoked. Id, §33 Comment d; compare Id §§31 and 47.

Nor is there any problem with consideration because plaintiff's return performance was obviously bargained for. Id §71:

"Except as stated in §§73 and 74 [both not here applicable], any performance which is bargained for is consideration." Id §72.

Compare: Barkman v. Washington Mutual Insurance Co., 26 Somerset L. J. 230 (1970); Schott v. Westinghouse Electric Corp., 436 Pa. 279, 259 A.2d 443 (1969); Thomas v. R. J. Reynolds Tobacco Co., 350 Pa. 262, 38 A.2d 61 (1944); 17 Am. Jur. 2d Contracts §97 at note 20, change of residence at another's request is consideration.[*]

---

[*] As in the original complaint, this is not a claim for specific property. Compare Banko v. Malanecki, 499 Pa. 92, 451 A.2d 1008 (1982).

Although the present objections do not reach the quasi-contractual claim in Count 2 for unjust enrichment, we note the following with respect to that claim:

(1) The original complaint also contained both a contractual claim and a quasi-contractual claim for unjust enrichment, improperly intermixed in a single count; here that formal defect is remedied by the use of separate counts for the two claims. See No. 1 supra at 268 note [1].

(2) In both complaints, the quasi-contractual claim is an alternative claim, although in both cases the form of verification for alternative pleading required by Civil Rule 1024(b) was not used, and that deficiency was not challenged in either case. See Gary v. Masterson, 38 Somerset L. J. 347, 388 (1979). On the handling of alternative claims at trial, see Kramer v. Madston, 38 Somerset L. J. 316, 328-329 (1978).

(3) The quasi-contractual claim in the original complaint was dismissed because plaintiff had gotten all she bargained for under the at-will live-in agreement there pleaded. Here a contractual claim for reimbursement is the basis of the action, and the quasi-contractual claim is also based on the same promissory averments; thus, if the contract for reimbursement is proved plaintiff will recover under Count 1 and alternative Count 2 will necessarily vanish without effect; and if the contract for reimbursement is not proved, leaving plaintiff merely with an at-will live-in agreement as originally pleaded, the quasi-contractual claim will fail for the same reason it failed in the original complaint. In both instances, the contract made by the parties is the limit of their rights. Accordingly Count 2 appears not to be a viable alternative to Count 1 under present averments.

## ORDER

Now, March 24, 1983, defendant's preliminary objections to plaintiff's amended complaint are overruled, with leave to file a responsive answer within 30 days.