# Iron City Tool Works, Limited, Plff. in Err., *v.* Joseph B. Long et al., Trading as Long & Company.

Where one, either by compulsion of law, or to relieve himself from liability, or to save himself from damage, has paid money, not officiously, which another person ought to have paid, the former may recover from the latter, in an action of assumpsit, the amount so paid.

Where a tenant of one half of a lot, to whom the tax of the whole of the lot is assessed, has paid the whole tax, neither officiously, negligently, nor knowingly, but by mistake, he can recover the one half so paid, from the tenant of the other half, in an action of assumpsit, although the payment was made before legal proceedings were begun to enforce it.

The submission to the jury of the question of negligence on the part of the plaintiff, where the payment was made without investigation, is no ground for reversal on the part of the defendant.

(Decided November 8, 1886.)

Argued October 27, 1886, before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. October Term, 1886, No. 110, W. D. Error to Common Pleas No. 2 of Allegheny County

NOTE.—But there could be no recovery against the person to whom the money was paid, who was entitled to receive it. Taylor v. Beaver County, 3 Penr. & W. 112; Edgar v. Shields, 1 Grant, Cas. 361; Espy v. Allison, 9 Watts, 462.

to review a judgment on a verdict for plaintiff, in an action of assumpsit to recover taxes paid. Affirmed.

The facts appear by the following charge of the court by EWING, P. J.:

"The plaintiffs have sued the defendant to recover $14.14, which they say they paid as taxes on the property of the defendant, in March, 1883, and which they claim should be repaid them. The defense is that it was a voluntary payment, and therefore the plaintiffs cannot recover. If it was a voluntary payment, the defense is an entirely good one. One man cannot volunteer to pay the debt of another, and then recover it from him. For instance, if one of you owes a store bill, and your neighbor goes, without any request on your part, and pays the bill, he cannot recover it from you; you may be very thankful to him, but you are under no legal obligation to repay it.

"It seems that Mrs. Denny's estate was the owner of a very considerable amount of property in the 15th ward, at Spruce alley and 32d street; a portion of this property was leased to Long & Company, the plaintiffs, and another portion adjoining to the Iron City Tool Works, the defendant. Under the lease the tenants were to pay the taxes, and it was intended to be assessed to the tenants. One of the lots in the plan, 48 by 120, it seems was divided. The tool works had a lease of one half and Long & Company of the other half. The assessors for city taxes in assessing the property assessed that lot as a whole, and to Long & Company. If you believe the testimony, Long & Company had a general notice of an assessment by the assessors, not specifying particularly, but just giving the gross amount, as I understand it, and the other side had the same notice of an assessment, if I understand the testimony aright, of a gross amount. Neither party went to the assessors' office at the time, as they should have done, for they were bound to go to see whether or not all their property was assessed to them, or more property than should have been assessed. The plaintiffs did not go at all to see what assessment was made, but paid the taxes as assessed on all the property, including the entire lot, whereas, they should have been on only half the lot to them, supposing that they were only paying their own taxes. [The defendants did go and see about it, wanting to get some reduction, but according to the testimony of Mr. Hays, they did not go at the

time when, as I understand the law of the city, the assessor had any power to make a reduction on the taxation, or on the assessment for taxation. Mr. Hays says he got a reduction of $5,000, which, if I understand the law, the assessor had no power whatever to give him at the time.] But that is not important; he did find at that time that this half lot which should have been assessed to them was not assessed to them, and he did, he says, request that it should be. The assessor, however, told him it was not necessary, or important; he did not have it done, and as a matter of law it was not done. The half lot which should have been assessed to the Tool Works was not assessed to it, but it was assessed to the other side, namely, to Long & Company.

"I am not clear that there was any way in which at that stage of the case they could have compelled a change in the assessment, unless it was done voluntarily by the city authorities. Undoubtedly they could have had it done if either side had looked to it at the proper time, before it went out of the hands of the assessor, but neither did inquire until the time had come for paying taxes—until the assessment list was in the hands of the treasurer for collection, and then only the defendant, or the representative of the defendant, and he went away, himself knowing it was not assessed, but of course not supposing it was assessed to the other side.

"Now if this half lot had been assessed to the Tool Works, and it had paid the taxes, there could not be any question in regard to this case; the plaintiffs could not recover. [But, under the circumstances of this case, the lot having been assessed as a whole, and it being a whole lot and divided for the purposes of this tenancy merely, I instruct you that the plaintiffs can recover if you find that the whole lot was assessed to them, and was not assessed to the other side (as the evidence clearly shows to be the fact), and that they paid the taxes without knowing that it was on property that should not have been assessed to them, unless you find from the evidence and the circumstances of this case that they were guilty of negligence in not going, before the taxes were put in the hands of the treasurer, to ascertain as to what property was assessed to them, and if wrong to have it changed. I do not think the court can say one way or the other. If it was from their neglect, if they, under the circumstances, should have gone to see that no more property was assessed to them than they were required to pay taxes on by their

lease, then I think that would make it a voluntary payment in the eyes of the law, and they cannot recover. But if they exercised reasonable care in regard to their taxes and property assessed, and were not negligent in that respect, then we instruct you they can recover, and that question of negligence is substantially the only one, I think, there is any dispute on. As you find the fact, you will find for the plaintiffs or defendant."]

The jury rendered a verdict for plaintiffs, upon which judgment was entereed and defendant took this writ, assigning as error the portions of the charge included in the brackets and the refusal of the point given in the opinion of the supreme court.

*William P. Blair,* for plaintiff in error.—A party cannot, by merely paying a sum of money which another owes a third person, make himself the creditor of that other person, and recover from him the sum so paid. 2 Wharton, Contr. § 757; 2 Chitty, Contr. p. 881; Hassinger v. Solms, 5 Serg. & R. 4; Hogg v. Longstreth, 97 Pa. 255; Benson v. Thompson, 27 Me. 471, 66 Am. Dec. 617; Winsor v. Savage, 9 Met. 346; Beach v. Vandenburgh, 10 Johns. 361; Thompson v. Gardner, 10 Johns. 404.

The property of the plaintiffs was not liable to be sold for these taxes; because all the plaintiffs had to do to relieve their goods was to have the lot transferred to the proper owner. But if so liable, that will not raise an assumpsit on the defendant's part to pay the plaintiffs.

In England v. Marsden, L. R. 1 C. P. 529, the plaintiff of his own motion, and for his own purposes, and not at the request of defendant, nor for his advantage, left his goods on defendant's premises, where they were actually seized by the landlord under a distress for rent due from defendant. To relieve his goods, plaintiff paid the rent, and brought assumpsit. Held not entitled to recover.

A distinction is pointed out between that case and Exall v. Partridge, 8 T. R. 308, where the goods were bailed to defendant at defendant's request, where a different conclusion was reached.

In Griffinhoofe v. Daubuz, 5 El. & Bl. 746, the plaintiff's goods were actually seized on defendant's premises, for certain public dues (tithes); and it was held, on the same grounds, that the plaintiff could not recover.

When a duty is defined, a failure to perform it is of course

negligence, and may be so declared by the court. Pennsylvania R. Co. v. Coon, 111 Pa. 440, 2 Cent. Rep. 323, 3 Atl. 234.

That it was through their neglect in not inspecting their assessment, and not through any "mistake," in any just sense of the term, that the plaintiffs paid their money, is too plain for dispute.

*Kennedy & Doty* and *J. R. Sterrett,* for defendants in error.—Where one person, either by compulsion of law, or to relieve himself from liability, or to save himself from damage, has paid money, not officiously, which another person ought to have paid, the former can recover of the latter the amount so paid, in an action of assumpsit. It will ordinarily be sufficient to show that the money has been paid for a reasonable cause and not officiously. 2 Greenl. Ev. 10th ed. § 114; Bailey v. Bussing, 28 Conn. 455.

A request may be implied "if money be paid by a person in consequence of a legal liability to which he is subject, but from which a third person ought to have relieved him by himself paying the amount." 1 Chitty, Pl. 13th Am. ed. 350, 351; 2 Greenl. Ev. § 114.

If one person, in order to protect his own interest, pays another's debt, the law will imply an assumpsit on the part of the latter to the former. Hogg v. Longstreth, 97 Pa. 255.

Where a tenant in dower to whom, as such, certain apartments in a dwelling house have been assigned, has been compelled, for the protection of her life estate, to pay the taxes on the whole building, she is entitled to recover against the tenant occupying the rest of the house such amount of the taxes so paid as may be justly apportioned to that part of the building that such tenant occupies. Graham v. Dunnigan, 6 Duer, 629.

If a person, to save his property from being sold on legal process, pays a debt which another is legally bound to pay, he may maintain an action against such other person upon an implied assumpsit. Nichols v. Bucknam, 117 Mass. 488.

If land owned in severalty by different persons be charged with a legacy, and one of them be compelled to pay the whole, he will be entitled to a contribution from the others. Swasey v. Little, 7 Pick. 296.

A vendee of personal property, who is compelled, in order to retain the property, to discharge an encumbrance existing at the

time of the purchase, may bring assumpsit for the money paid against the vendee, within six years after the discharge of the encumbrance. Sargent v. Currier, 49 N. H. 310, 6 Am. Rep. 524.

When a party is in a position in which he is open to compulsion by law to pay a particular sum, it is not necessary for him to wait for an execution or an attachment. 2 Wharton, Contr. p. 138, § 761.

When a party is in a situation where he may be compelled by law to pay a sum of money, although he be not actually compelled to do so, and he pays it accordingly, the action will lie. 2 Chitty, Contr. 11th Am. ed. p. 884.

Where by the terms of the lease the tenants are bound to pay the taxes, and the same are assessed on them, they are to be regarded as the principal debtors, while the landlord is to be considered as a mere surety, entitled to all the rights and remedies of a surety against the principal debtors. Russell v. Schenley, 2 Pittsb. 356.

The tenant is liable for the taxes, and the goods and chattels and the lands may be seized and sold therefor if they are not paid. Acts of April 3, 1804 (P. L. 517); April 15, 1834, § 46 (P. L. 518); and March 22, 1877 (P. L. 16).

OPINION BY MR. JUSTICE STERRETT:

As lessee of the Denny estate, plaintiff in error occupied one half of the lot, corner of Spruce alley and Thirty-Second street, Pittsburgh, and defendants as lessees of same estate occupied the other half of the lot. Under the terms of their respective leases, each tenant was bound to pay all the taxes assessed on his portion of the lot. No notice having been taken of the division of the lot by leasing portions thereof to different tenants, it was assessed as a whole, in connection with the adjoining lot, for city taxes of 1883, in the name of Park, Long & Company, predecessors of defendants in error.

In March of that year both parties received statements of taxes then due by them respectively, and in the hands of the city treasurer for collection. The assessment remained unchanged, and defendants in error, supposing the tax was assessed only on their half of the corner lot, paid the same. When the mistake was afterwards discovered, they requested plaintiff in error to

pay its portion thereof. Under these circumstances, and in view of the fact plaintiff in error had paid nothing on account of taxes on either of the lots, it would seem that a request so obviously just and reasonable might have been acceded to without any compromise of principle, legal or moral; but, notwithstanding plaintiff in error must have known that taxes which it was bound to pay had by mistake been paid by defendants in error, it refused to pay any part thereof, and the result was a suit in which the alderman gave judgment against plaintiff in error for its just proportion of the tax paid by mistake, as above stated. From that judgment plaintiff in error appealed to the common pleas; and, that tribunal having failed to appreciate the defense set up, the case has been brought into this court for review.

The testimony adduced on trial in the court below tended to prove substantially the facts above stated. It was fairly submitted to the jury for their consideration, under instructions that appear to be entirely free from error. They were told that if the payment of the tax by plaintiffs below was a voluntary payment there could be no recovery; and the learned judge also explained what would and what would not constitute a voluntary payment. In reaching the conclusion they did, the jury must have found that plaintiffs below were not chargeable with negligence in regard to the taxes—that they paid plaintiff in error's portion of the tax neither officiously nor knowingly, but by mistake. That being the case, they had a just claim on plaintiff in error for its proportion of the tax thus paid.

The taxes having been assessed on property which included the premises occupied by each of the contending parties, their respective lots could be relieved therefrom only by payment of the charge that was common to both. In paying the tax, therefore, plaintiffs below did nothing more than was reasonably necessary to relieve their own portion of the lot from the common burden. Where one person, either by compulsion of law, or to relieve himself from liability, or to save himself from damage, has paid money, not officiously, which another person ought to have paid, the former may recover from the latter, in an action of assumpsit, the amount so paid. Ordinarily it is sufficient to show that the money has been paid for a reasonable cause, and not officiously. 2 Greenl. Ev. § 114; Bailey v. Bussing, 28 Conn. 455.

The same principle is recognized in Hogg v. Longstreth, 97 Pa. 255, in which it is ruled that "although no assumpsit will be raised by the mere voluntary payment of the debt of another person; yet if one person, in order to protect his own interest, pay a debt for which another is legally and personally liable, the law will imply an assumpsit on the part of the latter to the former." The fact that no legal proceedings had yet been commenced to enforce payment of the taxes is immaterial. It was not necessary for Long & Company, plaintiffs below, to wait until process was issued against them or their property. 2 Wharton, Contr. 138.

It follows from what has been said that there was no error in refusing to charge as requested in defendant's point. "That under all the evidence in the case the verdict should be for defendant." The testimony was sufficient to warrant the jury finding such facts as were necessary to sustain a verdict in favor of plaintiffs below. Nor is there any merit in either of the remaining specifications. The charge was quite as favorable to plaintiff in error as it had any reason to expect.

Judgment affirmed.