Gaul *v.* McLaughlin (et al., Appellant).

Argued December 15, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Sidney B. Gottlieb*, with him *Samuel Lichtenfeld*, for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY HOFFMAN, J., March 24, 1966:

On September 26, 1950, the late George A. Gaul purchased certain real estate at a Treasurer's Sale. The property was described as Lots 157 to 165, inclusive, Ashland Park, and was sold as the property of James McLaughlin. In 1961, the executrix of Gaul's estate brought an action to quiet title with respect to some of the lots which were involved in the Treasurer's Sale.

The unchallenged findings of the court below establish that record title to Lots 159, 160, 161, 162 and 165 was in the name of John J. McLaughlin and not James McLaughlin; that John J. McLaughlin had died intestate and that letters of administration, together with a list of his heirs, were filed in 1934; that the heirs had received no notice of the tax sale; that Lots 157,

158, 163 and 164 were not owned by John J. McLaughlin; and that the tax sale was made for unpaid taxes levied under an invalid assessment. The court concluded that the tax sale was void and dismissed the action. Nonetheless, it directed the heirs of John J. McLaughlin "to reimburse the plaintiff for tax moneys expended with interest and also for moneys expended by the plaintiff in the purchase of the defendants' property at Treasurer's Sale."

This appeal raises only the narrow question of whether that part of the order directing the above reimbursements is correct.

It is obvious that neither plaintiff nor plaintiff's decedent was legally obligated to expend any money. In the circumstances of this case, the purchase of the property at the Treasurer's Sale by plaintiff's decedent, and the payment of taxes thereafter, were voluntary acts. It is well established that volunteers have no right to reimbursement. In *Lohr's Estate*, 132 Pa. Superior Ct. 125, 200 A. 135 (1938), a tenant in common was denied reimbursement for real estate taxes paid by him in excess of his proportionate share. The Court held at p. 129 that, "Where the plaintiff is not liable for the debt, he has no right to volunteer a payment for the purpose of making the defendant his debtor." Since the same principle clearly controls the present case, we need not consider the other arguments advanced by defendants.

That part of the order directing defendants to reimburse plaintiff is reversed.