## Gallagher, Magner & Solomento, Inc. v. Aetna Casualty and Surety Co., Appellant.

Argued March 17, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN and CERCONE, JJ. (SPAULDING, J., absent).

234

*L. Carter Anderson,* with him *David L. Steck,* and *Rawle & Henderson,* for appellant.

*Michael A. Marolla,* for appellee.

OPINION BY HOFFMAN, J., April 16, 1969:

This action in assumpsit was tried before a judge and jury. A verdict of $2,300 plus interest was returned in favor of appellee. Appellant's motion for judgment n.o.v. was denied, whereupon this appeal followed.

Viewing the evidence in the light most favorable to appellee, the facts established at trial are as follows:

Appellee is an insurance brokerage firm whose client, P. Agnes, Inc. (hereinafter "Agnes"), a construction company, was insured by appellant, Aetna Casualty and Surety Co. (hereinafter "Aetna"). Coverage was for "all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof caused by accident."

While such coverage was in effect, Agnes commenced excavation and underpinning work which resulted in damage to the wall of a building adjacent to the construction site. The damage was caused by "improper installation of underpinning" by Agnes.

Thereafter, Agnes repaired the building at a cost of $2900.00 and appellee paid $2300.00 (a compromise figure) to Agnes to cover this repair work. Appellee now seeks reimbursement from Aetna.

Aetna maintains that all of the evidence adduced at trial indicates that appellee, in paying $2300.00 to Agnes, acted as a volunteer. As such, it has no standing to sue.

Specifically, Aetna relies upon the doctrine that one who voluntarily pays the obligations of another without any authority or promise to repay from the debtor is a mere volunteer and, generally, is not entitled to recover the amount paid. *Gaul v. McLaughlin*, 207 Pa. Superior Ct. 434, 217 A. 2d 757 (1966). In *Gaul* the plaintiffs were the heirs of a deceased who had paid real estate taxes on property which he mistakenly believed belonged to him. Our court held that the heirs could not recover these payments from the record owner. Even though the payments relieved the defendant of a binding obligation, reimbursement was denied because, "Where the plaintiff is not liable for the debt, he has no right to volunteer a payment." (p. 436)

Similarly, *Lohr's Estate*, 132 Pa. Superior Ct. 125, 200 A. 135 (1938), held that a tenant in common who paid more than his proportionate share of the real estate taxes charged against the land held in common, is not entitled to contribution from his co-tenants in common for his excess tax payments. Even though payment of the taxes was predicated upon an attempt to prevent the land from being divided, plaintiff was deemed a volunteer without standing to sue for reimbursement.

Appellee argues, however, that this doctrine is inapplicable in the instant case because it did not act as a mere volunteer. Rather, it argues that this case

is governed by the doctrine that, "Where one person, either by compulsion of law, or to relieve himself from liability, or to save himself from damage, has paid money, not officiously, which another person ought to have paid, the former may recover from the latter, in an action of assumpsit, the amount so paid." *Iron City Tool Works v. Long,* 34 P.L.J. 311, 7 A. 82, 5 Cent. 502, 4 Sadler 57, 44 L.I. 28 (1886).

Appellee maintains that the *Iron City Tool Works* doctrine is apposite for two reasons: (1) in making payment to Agnes, it sought to discharge its own liability which was separate and apart from that of Aetna, and (2) even if it was under no legal obligation to compensate Agnes for its loss, it did so to avoid impairment of its business good will and as such "save himself from damage" as that term has been used in *Iron City Tool Works,* supra.

We will discuss each contention separately.

The lower court found that appellee, in making payment to Agnes, did not act as a volunteer because it was discharging its own contractual obligation. The court stated that "(Appellee) was an insurance broker and agent. When Aetna, after (as the jury found on adequate testimony) accepting the coverage, refused the coverage, the damage having occurred after the acceptance, (Appellee) became subject to a suit for having told Agnes that there was coverage when Aetna by its later letter said there was not. The effect of Aetna's denial was to give rise to probability of a suit by Agnes versus (appellee) for (appellee's) failure to deliver what (appellee) said (appellee) had obtained, viz.: an acceptance of this liability by Aetna."

The import of this reasoning is that an insurance broker stands as a guarantor of the performance of the insurance carrier and may be sued if the insurance carrier has refused to comply with its legal obligations to the insured. There is, however, nothing in the rec-

ord, to indicate that appellee ever guaranteed Aetna's performance of its contractual obligation. Likewise, there is no allegation that appellee acted negligently in procuring Aetna as the insurance carrier for Agnes, nor is there any indication that Agnes considered appellee as Aetna's surety. Under such circumstances, appellee was not liable for Aetna's failure to perform its contractual obligation. *Tugboat Indian Co. v. A/S Ivarans Rederi*, 334 Pa. 15, 5 A. 2d 153 (1939); *Aresto v. Milie*, 184 Pa. Superior Ct. 114, 133 A. 2d 304 (1957); *Advance Realty Co. v. McLeod*, 84 Pa. Superior Ct. 558 (1925).

Appellee's second argument that business good will is an interest that may justify appellee's payment as a volunteer to Agnes is also not supported by the record. Apparently this point has been raised for the first time on this appeal. It has not been established in the court below that Aetna's refusal to pay Agnes in any way affected appellee's good will or threatened appellee with a loss of future business from Agnes. In these circumstances, we must reject appellee's contention as not supported by the record. Moreover, as a matter of law, this position is of dubious validity. While we do not decide this issue, it should be noted that no Pennsylvania case holding good will as an interest that can be protected under the *Iron City Tool* doctrine has come to our attention.

Appellee also failed to establish at trial that Agnes assigned the claim against Aetna to it. Indeed, no attempt to show an assignment was made at trial. Accordingly, we will not impute such an assignment.

Appellee is thus placed in the position of a gratuitous volunteer. Under our case law it has no standing to sue Aetna. In light of this disposition we need not consider the other arguments advanced by Aetna.

Judgment of the court below is reversed, and judgment is entered in favor of appellant.