**Edgewood Building Company, Inc. v. Pernsley**

*Alfred O. Breinig, Jr.,* for plaintiff.

*Jackson M. Stewart, Jr.,* for defendants.

deFURIA, J., April 29, 1974.—Plaintiff has appealed from an order of this court declaring invalid plaintiff's tax title to defendants' realty. No reasons have been furnished this court for the appeal.

At the trial on plaintiff's attempt to quiet title, the evidence indicated:

Defendants, man and wife, purchased a vacant lot on July 30, 1957, located in Middletown Township for the sum of $2,090. A purchase money mortgage was executed contemporaneously. Defendants then resided at 317 North Tenth Street, Darby, Delaware County.

In late 1961, and early 1962, defendants had marital problems and separated. They reunited at 1019 Mulberry Street, Darby, for a brief period in 1962, and separated again. Mrs. Pernsley, with the children, moved to 8205 Lyons Avenue, Philadelphia, and lived there until about 1966. She purchased premises, 2039 Spring Mill Road, Whitemarsh Township, Montgomery County, on April 15, 1965, to which she removed in August of 1966, where she still resides.

Mr. Pernsley, in 1962, moved to 123 Washington Avenue, Twin Oaks, Delaware County, and then to Wilmington, Del. He testified that he never received any notice of delinquency or of the tax sale.

Defendants were divorced in 1972.

Realty taxes were not paid by defendants for the

years 1962 and 1964. The county treasurer sold the property for nonpayment of 1962 taxes. Mrs. Pernsley redeemed the property on December 14, 1964. Taxes for 1965 were paid.

On October 24, 1966, the county treasurer sold the property to plaintiff, for nonpayment of 1964 taxes, in the amount of $80.87, including penalty, interest and costs. The treasurer's deed, dated September 28, 1967, was not recorded by plaintiff until November 3, 1969.

Plaintiff instituted its action to quiet title in 1969, and trial thereon was heard on March 18, 1974.

Two fundamental issues were before the court: (1) The adequacy of the description of the subject premises in the tax sale notices and deed, and (2) the legality of the county treasurer's notices to defendants of the proposed tax sale.

*Was the description adequate?*

Since tax sales are in derogation of common law, the statutory requirements must be strictly followed to avoid stripping a taxpayer of his property without due process of law: Hughes v. Chaplin, 389 Pa. 93 (1957); Chester County Tax Claim Bur., 208 Pa. Superior Ct. 384 (1966); Tax Claim Bureau v. Wheatcroft, 2 Pa. Commonwealth Ct. 408 (1971).

The Pennsylvania County Return Act of May 29, 1931, P. L. 280, sec. 7, as amended, 72 PS §5971(g) et seq., provides:

"The county treasurer shall advertise the fact of holding such sale, once a week for three successive weeks prior to the holding of such sale . . ." stating therein "(e) a list of the seated lands affected and their location, and the owner or reputed owner of each."

A sufficient description to identify and disclose the property taxed and sold must be furnished by the

taxing authorities, so that the owner, the collector and the public can determine which property is being assessed and/or sold: Auman v. Hough, 31 Pa. Superior Ct. 337 (1906); Glass v. Gilbert, 58 Pa. 266 (1868).

The Supreme Court, in Hess v. Westerwich, 366 Pa. 90 (1950), stated the rule clearly:

"When therefore a property is to be sold, reasonable care requires the authorities to give adequate description and a reasonably definite location." Accord, Anderson v. Armstrong, 37 Del. Co. 452, 454; Bucciarelli's Est., 31 Del. Co. 487.

The entire advertised description was:

"Middletown Township
Leroy J. Pernsley et ux
Smith Lane 120 x 284.94 Grd."

The entire description in the Treasurer's deed is:
"Smith Lane
120 x 284.94 Grd. $80.87"

An expert witness for defendants testified that, in 1966, Smith Lane was not physically opened and did not exist on any official Delaware County map, and that it may not have been even a paper street. It was dedicated to the township in September of 1971. In his opinion, the location could not be found from the description given by an ordinary citizen. It would need the services of a real estate expert to locate the ground.

Clearly, the description in the advertisement (and the treasurer's deed) was inadequate.

*Was proper notice of the tax sale given?*

The statute, 72 PS §5971(g), provides, as to notice:

"In addition to such advertisement . . . written notice thereof shall be served by the county treasurer, by registered or certified mail, upon the owner

of such land. . . If such notice cannot be served in said manner on the owner . . . , then such notice shall be served by the county treasurer by posting the same in the courthouse and at a conspicuous place on the premises."

An employe of the county treasurer testified for plaintiff that the sale notice was sent to Irene F. Pernsley only, addressed to her at 8205 Lyons Avenue, Philadelphia, and the return receipt was signed by a "Cheryl Ellis." No posting of the premises was made.

The treasurer's office "assumed" that *any return receipt signature* was compliance with the Act.

Mrs. Pernsley testified that she never received the notice and that Cheryl Ellis was about 14 years old and was a former playmate of her daughter, who had no authority to accept mail for her.

Plaintiff attempted to show prior notices sent to one of defendants as evidencing knowledge or acceptance of the notice procedure, and that neither defendant had notified the county treasurer of a change of address. Neither fact is relevant, and cannot change the legal notice requirements.

We are not here dealing with a joint notice sent to joint owners, and signed by or on behalf of one of the coowners, but with a single notice sent to only one tenant by the entireties, and not receipted for by that tenant or an adult member of her family.

In Hess v. Westerwich, supra, the Supreme Court found that the notice required under the act was not given, and, therefore, the sale was invalid. In Shafer v. Hansen, 389 Pa. 500 (1957), the court ruled invalid a registered mail notice to only one entireties tenant, even though that tenant signed the return receipt card.

The Commonwealth Court, Rogers, J., has ruled

upon this issue in a recent case arising from our county: Price-Jeffries Co., Inc. v. Tillman, 11 Pa. Commonwealth Ct. 153 (1973). Usual tax bills were addressed to Harry M. Tillman, et ux. The tax sale advertisement contained only the name of Harry M. Tillman. The court found that no notice at all was given to Barbara J. Tillman, although the owners were both the tenants by the entireties.

The Commonwealth Court held that

"An advertisement and notice of a tax sale referring to one only of tenants by the entirety is obviously not in compliance with the requirement that the advertisements must contain the name of, and notices mailed must be sent to, the owner."

In the Tillman case, the property was described in the advertisement as "Newtown Township 583— Harry M. Tillman F214-184 (Interim 1964) Addition 32 Pine Street." The treasurer's deed merely said, "Harry M. Tillman Add. 32 Pine Street, Newtown Township."

The court said:

"Not only was the designation of the owner of the property sought to be sold fatally defective, the descriptions of the property in the advertisement, the notice and the treasurer's deed are wholly inadequate."

The rulings in the Tillman case are dispositive of the issues before us.

This court did not order defendants to reimburse plaintiff, feeling that it had no power to do so. See Gaul v. McLaughlin, 207 Pa. Superior Ct. 434, 217 A. 2d 757 (1966), and Gallagher, et al. v. Aetna Casualty & Surety Co., 214 Pa. Superior Ct. 233, 252 A. 2d. 206 (1969), even though defendants indicated they were prepared to do so.